## STATE v. FRAZIER.

The right of appeal from a judgment of conviction is purely statutory, dependent on accused complying strictly with the laws and rules governing an appeal.

An accused who chooses his own counsel is bound by all they do or fail to do, and he must suffer the consequences of their inexcusable neglect.

Where the failure of the attorneys of accused appealing from a conviction to prepare and serve the abstract and brief within the time fixed by the rules of the Supreme Court was not excused except as shown by the affidavit of one of the attorneys, who avered that he had been ill after the time for the serving of the abstract and brief, and no abstract or brief was attempted to be filed or served until nearly nine months after notice of appeal, the appeal must be dismissed for the inexcusable neglect of the attorneys.

(Opinion filed November 2, 1910.)

Appeal from Circuit Court, Lawrence County. Hon. WM. G. RICE, Judge.

William K. Frazier was convicted of crime, and he appeals. Dismissed.

See, also, 23 S. D. 304, 121 N. W. 790.

*Thomas E. Harvey, Hayes & Heffron,* and *Chambers Kellar,* for appellant. *S. E. Clark, Atty. Gen.,* for the State.

WHITING, P. J. This action is before us upon a motion to dismiss the appeal herein; said motion being based upon the ground that appellant has failed to prosecute such appeal with due diligence. This motion was first presented upon October 5, 1910, the return day of an order to show cause why such motion should not be granted. The record shows that such order to show cause was duly served upon attorneys for appellant upon the 30th day of September, 1910, service thereof being admitted by Mr. Hayes in the name of Thomas E. Harvey and Hayes & Heffron. No appearance or answer was made by any person for appellant, but, before the entry of a formal order of dismissal, a telegram was on the 7th day of October received by the clerk of this court asking that this matter be held up; such telegram being signed in the firm name of Hayes & Heffron. The clerk, by direction, wired said attorneys that the case would be kept open until the 10th of

October. Upon that day, Mr. Harvey of counsel for appellant appeared and filed his affidavit upon behalf of appellant. The Attorney General being absent, the further consideration of this cause was continued until October 28th, that both parties might appear and make such further showing as they might desire. October 28th Mr. Harvey again appeared and filed another affidavit, sworn to by himself and also one by appellant. The Attorney General was not present in person, but filed a written statement giving the reasons why in his opinion the case should be dismissed, and calling attention to the history of this case upon a prior appeal to this court.

The following facts appear undisputed. This appeal was taken March 11, 1910. Notice of appeal was signed in names of Chambers Kellar, Thomas E. Harvey, and Hayes & Heffron as attorneys for appellant. Such notice of appeal was served on the acting state's attorney, but was never served upon the Attorney General as required by the rules of this court then in force. The admission of service of such notice of appeal seems to have been signed in the handwriting of Mr. Hayes as was the written notice of appeal given and filed in circuit court on December 20, 1909, to stay execution of sentence. The signatures to the notice attached to proposed bill of exceptions are in the apparent handwriting of Mr. Hayes, and attached to such notice are the names of all the hereinbefore mentioned attorneys for appellant. The motion for new trial and written assignment of errors presented upon motion for new trial are both apparently signed in the handwriting of Mr. Hayes. All papers that were prepared and filed by appellant in connection with his motion for new trial, settlement of bill of exceptions, and perfection of appeal herein were signed or indorsed in the handwriting of Mr. Hayes; it thus clearly appearing that he was actively employed in such case at least until the appeal was perfected. No abstract or brief was served or filed by appellant or attempted to be served or filed until October 28, 1910. There is no claim made by appellant's counsel but that they were familiar with the rules of this court requiring such abstract and brief to be served and filed within 30 days after notice of appeal, where

bill of exceptions had been settled prior to such appeal. The only excuse offered by Mr. Harvey in his first affidavit was his own sickness dating from May 8, 1910. While such sickness was ample excuse for any apparent neglect of Mr. Harvey after that date, it does not explain why he, if he was in charge of the case, had not prepared and served abstract and brief on or before April 10, 1910, the time when, in accordance with the rules of this court, the same should have been served and filed where no extension of time had been obtained. Mr. Harvey in such affidavit states that he had left this case with Mr. Hayes to attend to, and that Mr. Hayes was then, October 10, 1910, away from home,—but it appears by Mr. Hayes' own signature that he was at home on September 30, 1910, when the order to show cause was served upon him. It appears from the affidavit of appellant himself that Mr. Hayes knew of the sickness of Mr. Harvey, and knew prior to September 23, 1910, that the appeal herein had been neglected.

It clearly appears from all the affidavits as well as from the files herein that Mr. Hayes, if not Messrs. Kellar and Heffron, was employed by the appellant and associated with Mr. Harvey as counsel upon this appeal, and it appears to the satisfaction of this court from all the files herein that Mr. Hayes was the leading counsel for appellant; yet not a single word explaining or excusing the neglect of counsel other than Mr. Harvey is presented for our consideration, and all the neglect from May 10, 1910, appears to have been the fault of counsel other than Mr. Harvey and to be absolutely unexcusable. It appears undisputed that the appellant never paid the fee necessary to have the record herein filed in this court upon this appeal. It further appears that upon a prior appeal of this case taken by the present appellant such appeal went over the first term of this court at which it should have been heard, and that this was caused by neglect and delay on the part of this appellant; that upon such appeal appellant neglected to have the record on appeal transmitted from the trial court to, and filed in this court, and such transmission was obtained by the state. The state moved for the dismissal of such

former appeal, but this court denied said motion, and it would seem that appellant was again relying upon the leniency of this court to excuse and overlook any and all disregard of his duties.

It may seem hard that one should suffer through the neglect of his counsel, but it must at all times be borne in mind that appellant has been tried before a jury of his peers and found guilty; that such verdict and judgment entered thereon are presumed to be just; that the right to appeal to a higher court is purely a statutory right dependent upon the appellant complying strictly with the laws and rules governing such appeal; that an appellant chooses his own counsel to act for him and is bound by all they do or fail to do; that without rules of procedure it would be impossible for courts to transact business; that, therefore, appellants must suffer the consequences of the neglect of their counsel unless such neglect is excusable.

There appearing no excuse for the utter disregard of the rules of this court by counsel for appellant, other than Mr. Harvey, the motion to dismiss the appeal herein should be, and the same is, granted, and the trial court directed to enforce the judgment of such court.