STATE, Respondent, v. PRICE, Appellant.
(136 N. W. 1087.)

**Criminal Law—Appeal—Delay—Court Rules.**

> Where accused's attorney, through ignorance of the rules of the supreme court, failed to serve notice of appeal on the Attorney General and to send clerk of supreme court a copy of the notice within the time provided by the rules, but there was no great delay in taking the necessary steps and the attorney was attempting in good faith to perfect the appeal, the supreme court will grant accused time within which to serve on Attorney General the notice of appeal and brief and a copy of notice and brief on the clerk of supreme court.

(Opinion filed, June 25, 1912.)

Appeal from Circuit Court, Meade County.    Hon. W. G. RICE, Judge.

George Price, defendant, was convicted of crime, and appeals to Supreme Court. Granted right to comply with rules of court by serving and filing certain appeal papers in Supreme Court.

No briefs were filed by counsel on either side of the case, on this application.

WHITING, J.    This case comes before us upon an order requiring the respondent to show why the appellant should not be allowed to file his appeal papers in this court. It appears from the affidavits presented that the order denying appellant a new trial was entered by the trial court on February 28, 1912; that appellant's attorney served notice of appeal upon the clerk of the circuit court and upon the state's attorney on March 26, 1912; that upon April 5, 1912, he served his brief upon the state's attorney; that upon April 12, 1912, he sent to the clerk of this court a copy of the said notice of appeal, together with a check covering the fees of such clerk; that, being advised by the clerk that said notice was not received within 10 days from the time of taking of appeal as required under the rules of this court, he sought to procure a stipulation from the state's attorney, and through him from the Attorney General, allowing the appeal papers to be filed; that, not having procured such stipulation, he sent the brief upon appeal, together with a check for clerk fees,

to the clerk of this court, where same were received on May 10, 1912, upon which date he procured the order to show cause now before us. It appears that, through ignorance of the present rules of this court, appellant's attorney failed to serve the notice of appeal upon the Attorney General, and also failed to send to the clerk of this court a copy of the notice of appeal within the time provided by such rules.

It will appear from the foregoing that, while the attorney for appellant failed to comply with the rules of this court in several respects, yet he apparently was attempting in good faith to perfect an appeal, and there was no great delay upon his part in taking any step in relation thereto.

Respondent relies upon the ruling of this court in the case of State v. Frazier, 26 S. D. 383, 128 N. W. 322. The facts in that case were such as to present an entirely different situation than we have in the case now before us, and, while we do not in any manner retreat from our holding that a party is bound by and must suffer from the inexcusable neglect of his counsel, yet each case must stand upon its own facts, and certainly there is no such disregard of the rules of this court as would warrant us in denying to the appellant a review of his case by this court.

It is ordered that the appellant may, within 10 days from notice of this decision, serve upon the Attorney General the notice of appeal, together with his brief upon appeal, and; within 10 days thereafter, may file a copy of such notice of appeal, together with such brief, in the office of the clerk of this court, and the appeal herein be then duly entered upon the records of this court.