STATE OF NEBRASKA, APPELLEE, v. PAUL BLUNT, APPELLANT.
155 N. W. 2d 443

Filed January 19, 1968. No. 36583.

Richard J. Bruckner, for appellant.

Clarence A. H. Meyer, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

Defendant Paul Blunt was convicted of the offense of burglary in Douglas County, Nebraska. He was represented at the time of trial by the public defender for said county. After his conviction, motion for new trial was duly filed. On October 18, 1966, defendant's motion for new trial was overruled and sentence pronounced. No further proceedings were had until January 5, 1967, at which time defendant requested leave to file a delayed notice of appeal and to proceed in forma pauperis. The motion for leave to file a delayed notice of appeal was overruled and from such action defendant appeals to this court.

Defendant contends that he had requested the public defender to appeal his conviction and did not learn that an appeal had not been taken until after the time allotted therefor had expired.

Section 25-1912, R. R. S. 1943, requires that to vest jurisdiction in the Supreme Court, a notice of appeal must be filed in the district court within 1 month after the rendition of judgment or of the overruling of a motion for new trial. It is conceded that the statute was not complied with in the present case and the constitutionality of the jurisdictional statute is not challenged. Indeed, we know of no instance in which such a statute has been held unconstitutional.

Defendant cites but two cases in support of his con-

tention that he should be permitted to file a delayed notice of appeal, neither of which is applicable to the present situation. In State v. Williams, 181 Neb. 692, 150 N. W. 2d 260, the defendant did comply with the foregoing statute by filing his notice of appeal within the time required. In Ford v. State, 258 Iowa 137, 138 N. W. 2d 116, the defendant actually did everything within his power to take the required jurisdictional steps to complete an appeal, but his efforts were defeated by the failure of a state employee to post a letter containing the required instruments until after the time for appeal had expired. In the present case, the defendant simply contends he had requested his attorney to appeal, supposed that he was doing so, and did not learn of the failure of his attorney to act until after the time for appeal had expired. The record discloses that defendant was indigent and was represented by the public defender. He apparently believes that his constitutional rights were violated by the failure of the public defender to lodge an appeal from his conviction. Whether or not the facts of the case would justify such conclusion cannot be determined on the record before us. Provision is made for a hearing in such cases under the Post Conviction Act found in Chapter 29, article 30, R. S. Supp., 1965, and by resort to the remedy there provided, defendant may have a determination of the question of whether or not any constitutional right to which he is entitled has been violated.

No error appearing, this judgment must be affirmed.

AFFIRMED.