STATE OF NEBRASKA, APPELLEE, V. RICHARD WYCOFF,
APPELLANT.

160 N. W. 2d 221

Filed July 12, 1968.   No. 36800.

Kerrigan, Line & Martin, for appellant.

Clarence A. H. Meyer, Attorney General, and Calvin E. Robinson, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

This is a post conviction proceeding in which the court denied post conviction relief but granted a right of direct appeal, despite the lapse of more than 2 years from the time of sentencing on the overruling of the motion for a new trial in the original case. The record shows that the defendant was represented by competent counsel at the original trial. The defendant was sentenced on February 4, 1965. No notice of appeal was filed within 1 month as required by statute. On February 26, 1965, the defendant petitioned the district court for copies of the preliminary hearing commitment papers

and other documents including a copy of the transcript. On June 21, 1965, the defendant filed a motion which in substance was a motion for post conviction relief and the court appointed counsel to represent him in that proceeding. The district court on November 12, 1965, dismissed the defendant's motion. On November 3, 1965, the defendant filed a motion for a new trial on the ground of newly discovered evidence under section 29-2101, R. R. S. 1943. He was represented by counsel in that second proceeding and the motion was overruled on November 10, 1965. The defendant, represented by counsel, took an appeal to this court and the opinion affirming the trial court's dismissal appears in State v. Wycoff, 180 Neb. 799, 146 N. W. 2d 69. The present proceeding was initiated by a motion for post conviction relief filed on March 11, 1967, in the district court for Dodge County, Nebraska, more than 2 years after the original conviction.

Apparently, the district court's granting of a direct appeal in this case was based upon the case of State v. Williams, 181 Neb. 692, 150 N. W. 2d 260. In that case, we granted an appeal out of time because "under the circumstances" to apply the time limitation of jurisdictional requirements for appeal would have been an unconstitutional deprivation of the defendant's right to appeal. The decisive circumstances in that case were that the defendant did file a notice of appeal within the statutory time and he did, in fact, within the time required demand of his trial counsel that an appeal be taken and his counsel refused to do so. The situation here, of course, is entirely different. No notice of appeal of any nature whatsoever was filed. The most that appears is the advising of defendant by his trial counsel at the time he was found guilty that defendant would have to perfect his own appeal and a request for copies of some of the papers and the transcript in the case. More significant, in his motion for relief filed on June 21, 1965, there is an utter failure to allege a denial

of a right to appeal, or of the furnishing of counsel on appeal, or any contention whatsoever that his right to appeal was in any way constitutionally denied. And, as we have noted, subsequent to that time, the defendant filed a motion for a new trial on the ground of newly discovered evidence and perfected an appeal to this court, represented at all times by counsel, which appeal was denied in a previous opinion of this court as mentioned above. In none of these proceedings did he claim or assert that he was denied the right to appeal, denied the right to counsel on appeal, or that his right to appeal was in any manner infringed upon. Under these circumstances, to permit a direct appeal more than 2 years later would not only be a plain violation of our mandatory jurisdictional statute for the taking of appeals in criminal cases but would create confusion and uncertainty in the final disposition of criminal cases and permit a defendant to vicariously destroy any semblance of order in the judicial process. To permit appeal under these circumstances over 2 years after the original conviction and throw the finality of the conviction open to the possibility of a new trial, with the consequent probability of the absence of witnesses, destruction or mutilation of physical evidence, and the failure of memory of witnesses, would be to allow a party to play horse with the courts and the administration of justice.

While the parties have not raised the issue discussed in this opinion, this court will, of course, note a jurisdictional defect appearing on the face of the record on its own motion.

For the reasons given the appeal herein is dismissed.

APPEAL DISMISSED.