STATE OF NEBRASKA, APPELLEE, v. BEN MARSHALL HALSEY, APPELLANT.

238 N. W. 2d 249

Filed February 11, 1976. No. 40237.

T. Clement Gaughan and Paul M. Conley, for appellant.

Paul L. Douglas, Attorney General, and Gary B. Schneider, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

WHITE, C. J.

The appellant was charged with assault with intent to do great bodily injury. He was tried to a jury and found guilty. On August 27, 1973, he was sentenced to a term of 2 to 3 years imprisonment in the Nebraska Penal and Correctional Complex. No appeal was taken from this proceeding.

Thereafter, the appellant brought a post conviction proceeding under section 29-3001, R. S. Supp., 1974. The District Court found that the sole issue raised by the appellant was whether he had been denied effective counsel, and that the appellant failed to sustain his

burden of proof on this issue. The appellant's motion to vacate and set aside the sentence was denied. The appellant has appealed, alleging that the District Court erred in its findings and in denying his motion. We affirm the judgment of the District Court.

If a defendant is denied his right to appeal because his notice of appeal is not filed within the statutory time limitation, the proper means to attack that denial, as being in violation of his constitutional rights, is by a post conviction action brought under section 29-3001, R. S. Supp., 1974. State v. Blunt, 182 Neb. 477, 155 N. W. 2d 443 (1968); State v. Wycoff, 183 Neb. 373, 160 N. W. 2d 221 (1968).

The appellant asserts the following proposition of law: "The failure to file a timely Notice of Appeal, due to counsel's negligence, establishes a prima facie case for relief under Neb. Rev. Stat. § 29-3001 (Cum. Supp. 1974)."

The appellant then devotes a substantial portion of his brief to the proper scope of relief by the District Court in a post conviction proceeding if it is found that the defendant lost his right of appeal due to the negligence of counsel.

It is not necessary to decide in this case what the proper scope of relief would be under such circumstances. The record reveals that the appellant failed to meet his burden of proof in attempting to show that his failure to take an appeal was due to the negligence of counsel.

In a post conviction proceeding, the defendant has the burden of establishing a basis for relief. State v. Myles, 187 Neb. 105, 187 N. W. 2d 584 (1971); State v. Reizenstein, 183 Neb. 376, 160 N. W. 2d 208 (1968); State v. Rapp, 186 Neb. 785, 186 N. W. 2d 482 (1971). The mere fact alone that no appeal has been taken from a criminal proceeding does not raise any presumptions that this was due to the negligence or incompetence of counsel. A defendant must show, by a preponderance of the evidence, that he was denied his right

to appeal due to the negligence or incompetence of counsel, and through no fault of his own.

A hearing was held by the District Court on appellant's motion, and it was found as a matter of fact that after the appellant had stated his desire to appeal to his private attorney, his attorney advised him and his wife of the expenses which would be incurred in an appeal and further advised him that he would qualify as an indigent so that the public defender could be appointed at no cost. The District Court found that the appellant stated at that time that he would employ the public defender, and that the private attorney at that time advised the appellant as to appeal procedures, including the necessity of filing a notice of appeal with the court within 30 days from the date of sentence. The District Court found that there was an issue of fact as to whether the appellant's attorney was to take any affirmative steps in the appeal of the appellant's case, and if so, what they were, and held that the appellant failed to meet the required burden of proof. The appellant does not challenge the sufficiency of the evidence supporting these facts.

The findings of the District Court will not be disturbed on appeal unless they are clearly erroneous. Having carefully reviewed the record in this case, we cannot say that the District Court was clearly erroneous in its findings.

The judgment of the District Court is correct and is affirmed.

AFFIRMED.