STATE of South Dakota, Plaintiff and Respondent,

v.

James DEVINE, Defendant and Appellant.

No. 12256.

Supreme Court of South Dakota.

Sept. 13, 1977.

William J. Janklow, Atty. Gen., Judith A. Atkinson, Asst. Atty. Gen., Pierre, Eugene Jones, Mellette County State's Atty., White River, for plaintiff and respondent.

Anita Remerowski, South Dakota Legal Services, Mission, for defendant and appellant.

PER CURIAM.

This appeal has been challenged upon jurisdictional grounds by the motion of the state to dismiss.

After a jury trial in the Sixth Judicial Circuit Court for Mellette County, the defendant was convicted of first degree burglary and third degree burglary on March 29, 1977. Judgment and sentence was entered by the trial court on April 19, 1977, and the defendant was subsequently incarcerated in the South Dakota penitentiary. On May 13, 1977, defendant's court-appointed trial counsel executed a notice of appeal which contained a certificate of service executed by defendant's counsel. The certificate stated that counsel had personally mailed copies of the notice of appeal to the Mellette County State's Attorney and the attorney general on May 13, 1977. The notice of appeal and certificate of service were filed with the Mellette County Clerk of Courts on May 16, 1977.

Defendant's counsel also executed a motion for transcript which was granted by the trial court on June 3, 1977, and filed on June 9, 1977. On June 10, 1977, defendant's counsel was allowed to withdraw from the appeal, and present counsel was appointed to prosecute the appeal for the defendant. On June 21, 1977, the Mellette County State's Attorney and defendant's appellate counsel executed a stipulation extending the time for settling the record; the trial court entered an order of extension to August 15, 1977.

Defendant's appellate counsel then filed with this court a motion for bond pending appeal and copies were sent to the Mellette County State's Attorney and the attorney general. The assistant attorney general promptly filed a motion to dismiss the appeal alleging that the defendant had failed to serve a copy of the notice of appeal upon the attorney general. This court remanded the matter to the trial court for a hearing and findings of fact concerning whether service of the notice of appeal was made upon the attorney general by defendant. Defendant's counsel submitted an affidavit from which it was apparent that, although instructed to do so, counsel's secretary had failed to mail the notice to the attorney general or to the Mellette County State's Attorney. On August 19, 1977, the trial court made a finding that the notice of appeal had not been sent to the attorney general.

The question presented is whether the statutory requirement that the notice of appeal be served upon the attorney general[1] is procedural or jurisdictional.

■ Article V, § 5 of the South Dakota Constitution gives the legislature the power to define the appellate jurisdiction of the Supreme Court. The legislature must define the appellate jurisdiction of this court as to a particular subject matter by statute. Therefore, the right to a criminal appeal is purely statutory and does not exist in the absence of a statute. *State v. Wagner,* 1972, 86 S.D. 382, 196 N.W.2d 360. See also 24 C.J.S. Criminal Law § 1628.

An early South Dakota case, *State v. Price,* 1912, 29 S.D. 419, 136 N.W. 1087, held that failure to serve notice of appeal on the attorney general did not constitute "such disregard of the rules of this court as would warrant us in denying to the appellant a review of his case in this court." Service of

---

1. SDCL 23-51-4 reads: "Appeal to the Supreme Court shall be taken by a written notice of appeal, signed by the appellant or his attorney, specifying the order or judgment, or both, appealed from and whether the appeal is taken from the whole or a part thereof, and if from a part only, specifying the part appealed from. *Notice of such appeal, when by the defendant, shall be served upon the attorney general and upon the state's attorney of the county where* *the judgment was entered* and, when by the state, upon the defendant or his attorney. The appeal shall be deemed perfected by filing the notice with the clerk together with proof of service thereof, and. by depositing the appeal fee for the clerk of the Supreme Court, as in civil cases, except that when the appeal is by the state, no such fee shall be required." (emphasis supplied)

the notice of appeal upon the attorney general was a "rule of the court," not a statutory requirement enacted by the legislature. Although there was a statute authorizing a criminal appeal and requiring notice upon the state's attorney, the statute did not require that the notice of appeal be served upon the attorney general. The court rules required even more notice than that required by the legislature. Although the court in *State v. Price,* supra, had the authority to waive its own procedural rules requiring notice upon the attorney general, it did not waive the service requirements imposed by the legislature. Shortly after *Price,* the legislature enacted the requirement that the notice of appeal in a criminal case must be served upon both the attorney general and the state's attorney of the county in which judgment was entered. Chapter 146, § 2, S.L.1915, now SDCL 23–51–4.

The states with statutes similar to SDCL 23–51–4 have construed the service provisions to be jurisdictional. Therefore, lack of compliance with the service requirements of such statutes has been held to deprive the appellate courts of jurisdiction to hear the appeal. *State v. Young,* 1963, 255 Iowa 447, 122 N.W.2d 847; *State v. Nolte,* 1977, Iowa, 249 N.W.2d 607; *State v. Alm,* 1962, 263 Minn. 259, 116 N.W.2d 656; *State v. Cage,* 1962, 264 Minn. 196, 117 N.W.2d 919; *State v. Parker,* 1967, 278 Minn. 53, 153 N.W.2d 264; *State v. Wycoff,* 1968, 183 Neb. 373, 160 N.W.2d 221; *State v. Blunt,* 1968, 182 Neb. 477, 155 N.W.2d 443; *State v. Howell,* 1972, 188 Neb. 687, 199 N.W.2d 21; *State v. Buss,* 1974, 192 Neb. 407, 222 N.W.2d 113; *State v. Mathisen,* 1967, N.D., 149 N.W.2d 707; *State v. Higgins,* 1966, N.D., 145 N.W.2d 478; *State v. Van Duyse,* 1975, 66 Wis.2d 286, 224 N.W.2d 603; see 24A C.J.S. Criminal Law § 1711(3).

 To hold that the requirements of SDCL 23–51–4 are purely procedural and subject to waiver if the circumstances so warrant, the legislature's power to define

the court's appellate jurisdiction must be ignored. Waiver of the statutory requirements of SDCL 23–51–4 by this court would amount to the judiciary setting its own jurisdictional requirements.

On the other hand, holding that compliance with statutes such as SDCL 23–51–4 is necessary for our court to obtain jurisdiction creates a harsh result in that the defendant-appellant will be, in effect, deprived of his right to appeal by the mere oversight of his counsel's secretary. Moreover, such a holding may very well result in the expenditure of more time and money by the state and the judiciary as the defendant pursues other forms of post-conviction relief.

The harshness of this type of statute has been tempered in other jurisdictions. For example, under the Federal Rules of Criminal Procedure, Rule 32(a)(2), the trial court must inform the defendant of his right to appeal, and if the defendant so requests, the clerk of the court prepares and files the notice of appeal. Federal Rules of Appellate Procedure, Rule 3(d) requires the clerk to mail a copy of the notice to counsel of record. However, failure of the clerk to serve the notice does not affect the validity of the appeal. California Rules of Court, Appellate Rule 31(c) provides that the appeal is perfected by the defendant or his attorney by filing the notice of appeal with the clerk of courts. Notification upon the adverse parties is done by the clerk of courts. The failure of notification does not affect the validity of the appeal. Under these rules, a defendant would not lose his right to appeal because of his attorney's neglect or mistake.

The statutory requirements of SDCL 23–51–4 being jurisdictional, the appeal is dismissed.[2]

---

**2.** Although under SDCL 23–51–4 the jurisdictional requirement of service of the notice upon the state's attorney and attorney general is provided by legislative act, the person required

to make that service may be designated by subsequent rule of this court pursuant to Art. V, § 12, South Dakota Constitution.