STATE of South Dakota, Plaintiff
and Appellant,

v.

Billy G. OLSON, Defendant
and Appellee.

No. 13794.

Supreme Court of South Dakota.

Argued Feb. 15, 1983.

Decided May 18, 1983.

Douglas E. Kludt, Asst. Atty. Gen., Pierre, for plaintiff and appellant; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Ronald R. Johnson of Johnson & Kelley, Lemmon, for defendant and appellee.

DUNN, Justice.

This is an appeal from an order acquitting Billy G. Olson (appellee) of aggravated assault and entering a conviction of simple assault in its place.

Appellee was charged with aggravated assault pursuant to SDCL 22–18–1.1 for attempting to run over Patrick Dugan with a pickup truck. During cross-examination of appellee, the state's attorney asked appellee, "Have you been charged with assault and battery ... ?" The question brought an objection from appellee's counsel and resulted in a hearing outside the presence of the jury. During the hearing, the trial court ruled that even though appellee had previously entered a guilty plea to a misdemeanor charge for the offense, the state's attorney could not pursue that line of questioning. Appellee's motion for mistrial was denied and the jury was admonished to disregard the question.

Several days after the jury returned a guilty verdict for aggravated assault, appellee's attorney filed a motion with the trial court seeking "acquittal [of aggravated assault] or in the alternative judgment of acquittal of aggravated assault and conviction of simple assault or in the further alternative for declaration of mistrial and a new trial." In a supporting affidavit appellee provided rationale for the motion, alleging that jurors discussed a prior altercation between appellee and the state's attorney's father and mistakenly believed this was the prior offense referred to when the state's attorney inquired as to prior convictions of assault and battery.

At a subsequent hearing, several jurors testified they had in fact discussed the prior assault during deliberations. The trial court concluded the discussion was prejudicial and thereupon granted appellee's motion for acquittal of the aggravated assault charge and found appellee guilty of simple assault. The trial court denied the state's attorney's request for a mistrial and the State now appeals the trial court's order.

Initially, we must determine whether this court has jurisdiction to hear this appeal. Appellee contends SDCL 23A–32–4 does not authorize an appeal in the case at hand. We agree.

■ This court's jurisdiction to entertain appeals is limited by statute, *State v. Devine,* 257 N.W.2d 606 (S.D.1977), and it is left to the legislature to expand the right to appeal. *State v. Stunkard,* 28 S.D. 311, 133 N.W. 253 (1911). Thus, if the legislature has not provided us with jurisdiction of a criminal appeal, we are without power to hear the case. *State v. Texley,* 275 N.W.2d 872 (S.D.1979); *State v. Nuwi Nini,* 262 N.W.2d 758 (S.D.1978).

■ The State concedes that prior to the 1979 amendment the State's right to appeal was limited. *State v. Texley, supra; State v. Nuwi Nini, supra.* The statute, prior to its amendment, clearly did not give this court jurisdiction to hear this appeal. The State contends, however, that the 1979 amendment "remove[s] all statutory barriers to state appeals." * Specifically, the State believes the insertion of the phrase "on statutory grounds or otherwise" by the legislature expanded the State's right to appeal.

After reviewing the amended statute, we find that we are unable to agree with the State's interpretation of this amendment. The phrase "on statutory grounds or other-

wise" does not expand the State's right to appeal. On the contrary, these words simply refer to the grounds on which the trial court grants a "motion to dismiss an indictment or information." Although we see serious problems with the action taken by the trial court in this case, we must conclude that SDCL 23A–32–4 does not give us jurisdiction to review this acquittal of aggravated assault and conviction of simple assault.

Since we conclude we do not have the power to review the State's appeal of this order, the appeal must be dismissed.

FOSHEIM, C.J., and WOLLMAN and MORGAN, JJ., concur.

HENDERSON, J., concurs specially.

HENDERSON, Justice (specially concurring).

Although I agree that this Court does not have jurisdiction to hear this appeal, I also agree with the majority that there are serious problems with the action of the trial court taken in this case; namely, that the trial court, in effect, entered a finding of guilty on simple assault. A trial court cannot deprive an accused of a jury trial and substitute itself as a finder of fact. *See United States v. Martin Linen Supply Co.,* 430 U.S. 564, 572–73, 97 S.Ct. 1349, 1355, 51 L.Ed.2d 642, 652 (1977).

---

* SDCL 23A–32–4, as amended, reads as follows:
    An appeal by a prosecuting attorney in a criminal case may be taken to the Supreme Court ~~of this state~~ , *as a matter of right,* from a ~~decision,~~ judgment, or order of a circuit court ~~or ruling of a magistrate~~ sustaining a motion to dismiss an indictment, *or* information ~~or complaint~~ *on statutory grounds or otherwise, or granting a motion for arrest of judgment or a*

*motion for a new trial;* ~~charging an offense,~~ but such appeals shall not bar or preclude another prosecution of the defendant for the same offense, *except where the dismissal is affirmed by the Supreme Court*
(Insertions into the 1978 version are indicated by italics. Deletions from the 1978 statute are indicated by ~~overstrikes.~~)