2001 SD 146

**Dennis Duane HANNON, Petitioner,**

v.

**Douglas WEBER, Warden of the South Dakota State Penitentiary, Respondent.**

No. 21879.

Supreme Court of South Dakota.

Considered on Briefs Nov. 13, 2001.

Decided Dec. 19, 2001.

Michael D. Bornitz, Sioux Falls, Attorney for petitioner.

Mark Barnett, Attorney General, Sherri Sundem Wald, Assistant Attorney General, Pierre, Attorneys for respondent.

PER CURIAM.

[¶ 1.] This action involves Dennis Hannon's motion for reconsideration of this Court's dismissal of his motion for certificate of probable cause. We deny the motion for reconsideration.

FACTS AND PROCEDURE

[¶ 2.] On March 13, 2001, the habeas court denied Hannon's motion for certificate of probable cause. On March 27, Hannon mailed a motion for certificate of probable cause to this Court where it was

received and filed by the Clerk on March 29.

[¶ 3.] Pursuant to SDCL 21–27–18.1, the last date Hannon could timely file his motion with this Court was March 28. We dismissed his motion based on untimeliness, but later granted Hannon's motion for reconsideration.

### ANALYSIS AND DECISION

[¶ 4.] SDCL 21–27–18.1 governs this action and provides:

A final judgment or order entered under this chapter may not be reviewed by the Supreme Court of this state on appeal unless the circuit judge who renders the judgment or a justice of the Supreme Court issues a certificate of probable cause that an appealable issue exists. A motion seeking issuance of a certificate of probable cause shall be filed within thirty days from the date the final judgment or order is entered. **The issuance or refusal to issue a certificate of probable cause is not appealable. However, a party may, upon the circuit court judge's refusal to issue a certificate of probable cause, file a separate motion for issuance of a certificate of probable cause with the Supreme Court within fifteen days of the entry of the circuit court judge's refusal.** Any party filing a motion with the Supreme Court shall serve a copy of the motion upon the opposing party, who shall have ten days to respond. The applying party shall then have five days to reply to such response. If a certificate of probable cause is issued the appeal may be brought by an applicant or the state within thirty days after entry of the certificate of probable cause.

Service of either a motion for a certificate of probable cause or of an appeal must be made upon both the attorney general and the appropriate state's at-

torney when the motion is made or the appeal is taken by the party seeking the habeas corpus relief.

(emphasis added). By its plain language, the deadline for filing a motion for certificate of probable cause with this Court is based upon the filing date of the habeas court's refusal to issue a certificate of probable cause. There is no notice of entry or service requirement as with civil appeals filed under SDCL ch 15–26A. Because there is no service requirement, the three-day mailing rule provided by SDCL 15–6–6(e), applicable to civil appeals under SDCL ch 15–26A, does not apply here. That statute provides:

Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period **after the service of a notice** or other paper upon him, or whenever such service is required to be made a prescribed period before a specified event, **and the notice or paper is served by mail, three days shall be added to the prescribed period.**

Service by facsimile transmission shall not be deemed service by mail for purposes of this section.

(emphasis added).

[¶ 5.] Hannon requests that we add the mailing allowance of SDCL 15–6–6(e) to the statutory filing requirements of his motion for certificate of probable cause under SDCL 21–27–18.1. This Court may not add language to a statute by "judicial legislation." *Rabenberg v. Rigney*, 1999 SD 71, ¶ 9, 597 N.W.2d 424, 426; *In re Estate of Gossman*, 1996 SD 124, ¶ 11, 555 N.W.2d 102, 106 ("A court is not at liberty to read into the statute provisions which the legislature did not incorporate, or enlarge the scope of the statute by an unwarranted interpretation of its language.")

[¶ 6.] Hannon also asks this Court to interpret the statute as "deemed filed" when mailed and cites as an example SDCL 15–26A–81, which provides that "[w]hen briefs are forwarded to the clerk for filing by mail they shall be accompanied by an affidavit of mailing or certificate of service of mailing and shall be deemed to be filed as of the date of mailing." Clearly, the filing deadlines are calculated differently in this statute than in SDCL 21–27–18.1. Each are stated clearly and unambiguously. There is no latitude granted to this Court to interpret unambiguous statutes by any method but their plain language. *In re GCC License Corp.*, 2001 SD 32, ¶ 11, 623 N.W.2d 474, 479.

[¶ 7.] Hannon finally requests that we find he substantially complied with the requirements of SDCL 21–27–18.1 or that he be relieved from his failure to timely file his motion on grounds of excusable neglect. In effect, he asks to be excused from carefully reading and complying with SDCL 21–27–18.1.

[¶ 8.] Pursuant to the filing deadlines of the statute, this Court dismisses motions for certificate of probable cause that are untimely filed. Many of these are filed only one day late. It is not our task to revise or amend, via judicial opinions, statutes or court rules, or to " 'liberally construe a statute [or court rule] to avoid a seemingly harsh result where such action would do violence to the plain meaning of the statute under construction.' " *Sudbeck v. Dale Elec., Inc.*, 519 N.W.2d 63, 67 (S.D.1994) (quoting *In re Presentation Sis-*

*ters, Inc.*, 471 N.W.2d 169, 175 (S.D.1991)). Hannon has failed to persuade that we should grant the relief he requests. His motion for reconsideration is denied.*

[¶ 9.] GILBERTSON, Chief Justice, and SABERS and AMUNDSON, Justices, and GORS, Acting Justice, participating.

[¶ 10.] KONENKAMP, Justice, disqualified.

---

* Recently we reviewed SDCL 21–27–18.1 and considered, among other options, an amendment to allow the 3–day mailing rule of SDCL 15–6–6(e) to apply to filing motions for certificate of probable cause. An amendment has been proposed that will be placed on the agenda for the February 2002 Supreme Court rules hearing. This amendment does not propose adding the mailing time of SDCL 15–6–6(e) where there is no service requirement at issue, but would extend the deadline for filing the motion with this Court from fifteen to twenty days.