2003 SD 144

**STATE of South Dakota, Plaintiff and Appellant,**

v.

**William Loc REATH, Defendant and Appellee.**

**No. 23048.**

Supreme Court of South Dakota.

Considered Dec. 11, 2003.

Decided Dec. 17, 2003.

David R. Nelson, Minnehaha County State's Attorney, Paul M. Bengford, Deputy State's Attorney, Sioux Falls, SD, for plaintiff and appellant.

John Hinrichs of Office of Minnehaha County Public Defender, Sioux Falls, SD, for defendant and appellee.

PER CURIAM.

[¶ 1.] In this criminal case, the State attempts to appeal from a judgment of acquittal entered by the trial court following the close of the State's case-in-chief. Because this Court is without jurisdiction to hear an appeal from a judgment of acquittal, the appeal is dismissed.

FACTS AND PROCEDURE

[¶ 2.] William Loc Reath was charged with possession of a forged instrument with intent to defraud in violation of SDCL 22–39–38 and forgery in violation of SDCL 22–39–36. The trial court entered an "order for dismissal judgment of acquittal" in this matter on November 14, 2003. That order indicates that a jury was empaneled and the State presented its case-in-chief. At the conclusion of the State's case, the defendant moved for a judgment of acquittal. The trial court granted the motion on the basis that the State presented insufficient evidence to sustain a conviction. *See* SDCL 23A–23–1 (Rule 29(a)). The State filed a notice of appeal on November 21, 2003, from the order granting the judgment of acquittal.

ISSUE

[¶ 3.] **Whether the State may appeal a judgment of acquittal.**

[¶ 4.] It is well settled that "the right of appeal is purely statutory. It is not conferred by the Constitution, and can be exercised only by the party to whom it is given." *State v. Stunkard,* 28 S.D. 311, 133 N.W. 253, 254 (S.D.1911). "This Court has only 'such appellate jurisdiction as may be provided by the legislature. The right to appeal is statutory and does not exist in the absence of a statute permitting it.'" *Dale v. City of Sioux Falls,* 2003 SD 124, ¶ 6, 670 N.W.2d 892, 894 (citations omitted). "This Court is also required to take notice of jurisdictional questions whether presented by the parties or not." *Id.*

[¶ 5.] The relevant statutory authority concerning an appeal by the prosecution in a criminal trial is as follows:

SDCL 23A–32–4 provides:

**Appeal by prosecution from dismissal, arrest of judgment, new trial or deviation from mandatory sentence—Subsequent prosecution.**

An appeal by a prosecuting attorney in a criminal case may be taken to the Supreme Court, as a matter of right, from a judgment, or order of a circuit court sustaining a motion to dismiss an indictment or information on statutory grounds or otherwise, or granting a motion for arrest of judgment or a motion for a new trial, or an order finding mitigating circumstances to exist in deviating from the mandatory sentencing provisions of § 22–42–2; but such appeals shall not bar or preclude another prosecution of the defendant for the same offense, except where the dismissal is affirmed by the Supreme Court.

SDCL 23A–32–5 provides:

**Appeal by prosecution from suppression evidence or dismissal of complaint—Time for taking appeal—Appeal as from intermediate order.**

An appeal by a prosecuting attorney may be taken to the Supreme Court from:

(1) an order of a circuit court or a magistrate suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding;

(2) an order of a circuit court or a magistrate sustaining a motion to dismiss a complaint on statutory grounds or otherwise.

*An appeal under this section may not be taken after a defendant has been put in jeopardy and is not a matter of right but of sound judicial discretion.* Appeals from such orders shall be taken in the same manner as intermediate appeals in subdivision 15–26A–3(6). No appeal taken under this section shall delay any trial unless a stay be granted in the discretion of the Supreme Court.

[¶ 6.] With a jury having been empanelled, SDCL 23A–32–5 cannot apply to this appeal because the defendant was placed in jeopardy. *State v. Catch The Bear,* 352 N.W.2d 637, 638 (S.D.1984). Furthermore, the State is not attempting an intermediate appeal but an appeal as a matter of right. Consequently, the State must meet the requirements of SDCL 23A–32–4 to appeal the trial court's decision. However, by its plain terms, SDCL 23A–32–4 applies to orders dismissing an indictment or information on statutory grounds or otherwise, an arrest of judgment, or a grant of a new trial. Nowhere in the statutory authority is an appeal from a judgment of acquittal authorized. SDCL ch. 23A–32.

[¶ 7.] This Court has squarely addressed this issue in *State v. Olson,* 334 N.W.2d 49, 50 (S.D.1983), and determined that it was without appellate jurisdiction to review the trial court's grant of a judgment of acquittal. In response to the State's position in *Olson* that the phrase "on statutory grounds or otherwise" contained in SDCL 23A–32–4 authorized such an appeal, the Court stated:

We find that we are unable to agree with the State's interpretation of this amendment [SDCL 23A–32–4]. The phrase "on statutory grounds or otherwise" does not expand the State's right to appeal. On the contrary, these words simply refer to the grounds on which the trial court grants a "motion to dismiss an indictment or information." Although we see serious problems with the action taken by the trial court in this case, *we must conclude SDCL 23A–32–4 does not give us jurisdiction to review this acquittal of aggravated assault and conviction of simple assault.*

*Id.* (emphasis added). Consequently, the *Olson* court dismissed the State's attempted appeal from the judgment of acquittal on the basis that "if the legislature has not provided us with jurisdiction of a criminal appeal, we are without power to hear the case." *Id.* The *Olson* rationale controls this attempted appeal from the judgment of acquittal determining that there was insufficient evidence presented to convict Reath of the charged offenses.

[¶ 8.] Appeal dismissed.

[¶ 9.] GILBERTSON, Chief Justice, and SABERS, KONENKAMP, ZINTER and MEIERHENRY, Justices, participating.