2004 SD 5

**The PEOPLE of the State of South Dakota in the Interest of S.M.D.N and C.P.N., Minor Children and Concerning P.A.N., P.S. and The South Dakota Department of Social Services.**

No. 23089.

Supreme Court of South Dakota.

Considered Jan. 8, 2004.

Decided Jan. 9, 2004.

P.S., Boise, Idaho, pro se appellant.

Lawrence E. Long, Attorney General, Ann Holzhauser, Assistant Attorney General, Pierre, Attorneys for appellee state.

Staci Reindl, Lead, Attorney for appellees children.

PER CURIAM.

[¶ 1.] In this abuse and neglect case, P.S., a father whose parental rights to two children were terminated, attempts to appeal from an order of the circuit court that

dismissed his motion for reconsideration. Because a denial of a motion for reconsideration is not an appealable order in its own right, this Court is without jurisdiction to review that order and the appeal is dismissed.

## FACTS AND PROCEDURAL HISTORY

[¶ 2.] Appellant P.S. had his parental rights terminated to his two children by the circuit court on January 17, 2001. That order was appealed and this Court summarily affirmed the judgment of the circuit court in appeal # 22339 on December 16, 2002. On January 21, 2003, P.S. filed a motion for relief from that judgment with the circuit court. That motion was dismissed by the circuit court on February 19, 2003. Thereafter, in a second appeal, # 22822, we again summarily affirmed the judgment of the circuit court in an order and judgment entered October 14, 2003. P.S. then filed a motion with this Court for reconsideration of that decision which was denied on November 3, 2003.

[¶ 3.] Undeterred by all this, P.S. went back to the circuit court and made a "motion to reconsider ruling that adoption is the least restrictive placement option." The circuit court entered an order on December 10, 2003, dismissing this motion on the basis that the judgment in this case had already been appealed and summarily affirmed by this Court. P.S. attempts to appeal the order denying his motion for reconsideration.

## ISSUE

[¶ 4.] **Whether the circuit court's order dismissing the motion to reconsider is an appealable order.**

[¶ 5.] "This Court has only 'such appellate jurisdiction as may be provided by the legislature. The right to appeal is statutory and does not exist in the absence of a statute permitting it.'"

*State v. Reath,* 2003 SD 144, ¶ 4, 673 N.W.2d 294 (quoting *Dale v. City of Sioux Falls,* 2003 SD 124, ¶ 6, 670 N.W.2d 892, 894). "The appellate jurisdiction of this Court will not be presumed but must affirmatively appear from the record." *Double Diamond Construction v. Farmers Coop. Elev. Ass'n of Beresford,* 2003 SD 9, ¶ 6, 656 N.W.2d 744, 746. We are required to take notice of jurisdictional questions whether presented by the parties or not. *Id*

[¶ 6.] P.S. had previously exercised his right to appeal the judgment of the circuit court terminating his parental rights to these two minor children. The current attempted appeal relates only to the circuit court's order dismissing the motion to reconsider the prior order that termination of parental rights was the least restrictive alternative commensurate with the best interests of the children. This exact issue was addressed in appeal # 22339 and, as previously mentioned, the circuit court's judgment in that matter was summarily affirmed. Accordingly, the circuit court dismissed the motion for reconsideration as this issue is clearly res judicata and P.S. has no legal footing to once again assert error.

[¶ 7.] Procedurally, an order dismissing a motion to reconsider entered by the circuit court does not create a new avenue for appeal. *See* SDCL 15–26A–3. A motion for reconsideration is not a separate and appealable order. Rather, it is "an invitation to the court to consider exercising its inherent power to vacate or modify its own judgment." *Breeden v. Nebraska Methodist Hospital,* 257 Neb. 371, 598 N.W.2d 441, 444 (1999). The circuit court's judgment in this matter has been appealed twice and affirmed. P.S. is without a legal basis for seeking a third attempt at an appeal based only on his filing

a motion to reconsider part of that judgment. If this was not the case there would conceivably be no end to the litigation. This order is not a final and appealable order invoking this Court's appellate jurisdiction.

[¶ 8.] Appeal dismissed.

[¶ 9.] GILBERTSON, Chief Justice, and SABERS, KONENKAMP, ZINTER, and MEIERHENRY, Justices, participating.