# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2364

_____

| | |
|---|---|
| Tony Alvester Faulks, | * |
| | * |
| Plaintiff - Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * District of South Dakota. |
| | * |
| Douglas L. Weber, Warden, | * |
| | * |
| Defendant - Appellee. | * |

_____

Submitted: April 17, 2006

Filed: August 21, 2006

_____

Before MURPHY, MELLOY, and GRUENDER, Circuit Judges.

_____

MELLOY, Circuit Judge.

The district court[1] dismissed Tony Alvester Faulks's petition for post-conviction relief under 28 U.S.C. § 2254 as untimely. Faulks appeals, and we affirm.

_____

[1]The Honorable Andrew W. Bogue, District Judge for the District of South Dakota.

## I. Background

Faulks was convicted of first degree robbery and possession of a controlled substance. The judgment and sentence were entered by the state trial court on July 25, 2000. The South Dakota Supreme Court affirmed the convictions on August 29, 2001. Faulks did not seek a writ of certiorari to the United States Supreme Court before the time allowed for requesting review expired on November 27, 2001. Faulks filed a writ of habeas corpus in state circuit court on July 9, 2002. His application for state habeas relief was denied by the circuit court on October 14, 2003. Faulks timely filed a request for a certificate of probable cause to appeal the state circuit court's denial of his habeas petition with the South Dakota Supreme Court. On December 12, 2003, the South Dakota Supreme Court entered an order denying Faulks's request. Faulks did not petition the South Dakota Supreme Court for rehearing of his request.

Faulks filed a petition for federal habeas relief. The petition was signed on May 6, 2004, and was received and formally filed by the district court on May 17, 2004. Three months later, on August 9, 2004, the warden filed a motion to dismiss Faulks's petition. The warden argued that Faulks's filing was untimely because it was filed five days after the expiration of the one-year period of limitation provided by 28 U.S.C. § 2244(d)(1), or 370 days after the South Dakota Supreme Court first denied Faulks's motion for a certificate of probable cause to appeal. Faulks filed his response objecting to dismissal on December 1, 2004. Faulks argued that his federal filing was timely. He claimed that under South Dakota Codified Laws § 15-30-4 he could file a rehearing petition and that during the twenty days he had to file a petition the limitation period was tolled. If the limitation period was tolled during the twenty days, the one-year limitation period had not expired at the time his federal habeas petition was filed.

On March 3, 2005, a magistrate judge filed findings and recommendations. The magistrate judge accepted Faulks's position regarding the time to file for rehearing

and recommended that the district court deny the state's motion to dismiss Faulks's petition. On March 15, 2005, the state filed objections to the recommendation. On March 31, 2005, the district court sustained the state's objections and dismissed Faulks's petition as time-barred.

Faulks filed a timely motion for a certificate of appealability and notice of appeal on April 21, 2005. The district court denied this motion on May 4, 2005. This court granted Faulks's motion on October 26, 2005. A certificate of appealability was issued on the limited question of whether Faulks's state habeas application remained pending for purposes of 28 U.S.C. § 2244(d)(2) during the time in which Faulks claimed he could have petitioned for rehearing from the South Dakota Supreme Court's rejection of his post-conviction appeal. Faulks now brings this timely appeal of the district court's order of dismissal.

II.  Analysis

The Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996 requires a state prisoner seeking federal habeas corpus relief to file a petition for federal habeas relief within one year after a state conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). Under 28 U.S.C. § 2244(d)(2), this limitation period does not include the time during which a properly filed application for state collateral review is "pending" in the state courts. "We review the district court's interpretation of the one-year AEDPA limitation provision de novo." Williams v. Bruton, 299 F.3d 981, 982 (8th Cir. 2002).

At issue in this case is whether Faulks was permitted to file a petition for rehearing under South Dakota Codified Law § 15-30-4 and, if this procedure was available to him, whether his state habeas claim remained "pending" for purposes of 28 U.S.C. § 2244(d) during the twenty-day period in which he could have requested rehearing. The denial of an application for state habeas relief may not be reviewed by

the South Dakota Supreme Court "on appeal unless the circuit judge who renders the judgment or a justice of the Supreme Court issues a certificate of probable cause that an appealable issue exists." S.D. Codified Laws § 21-27-18.1. A party may file a motion for issuance of a certificate of probable cause with the circuit court within thirty days from the entry of the final judgment or order. Id. Faulks filed a motion for a certificate of probable cause in the circuit court, which was denied. Although the "issuance or refusal to issue a certificate of probable cause is not appealable . . . a party may . . . file a separate motion for issuance of a certificate of probable cause with the [South Dakota] Supreme Court within twenty days of the entry of the circuit judge's refusal." Id. "If a certificate of probable cause is issued the appeal may be brought . . . within thirty days after entry of the certificate of probable cause." Id. Faulks filed a separate motion for issuance of a certificate of probable cause in the South Dakota Supreme Court, which was also denied.

The provision of South Dakota civil procedure at issue states that "a petition for the rehearing *of a cause heard on appeal to the Supreme Court* may be served and filed within twenty days after the date of filing of the formal opinion or the order of summary disposition" and that the "petition shall state briefly the ground upon which a rehearing is asked and the points supposed to have been overlooked or misapprehended by the court[.]" S.D. Codified Laws § 15-30-4 (emphasis added). Faulks did not file a petition for rehearing.

The procedure for filing a petition for rehearing under § 15-30-4 was not available to Faulks because he would have been seeking "rehearing" of a cause that was never heard on appeal in the first place. Because his motion for a certificate of probable cause was denied, not only did Faulks have no "cause heard on appeal to the Supreme Court" to be reheard, but he could not have possibly identified "the points supposed to have been overlooked or misapprehended by the court" where the court refused to entertain the appeal. Because we conclude that § 15-30-4 was not available to Faulks, we see no merit in Faulks's argument that his application was pending for

the additional twenty days.[2] Thus, because Faulks could not have filed a petition for rehearing, his application for writ of habeas corpus in federal court was untimely under AEDPA. Accordingly, we need not resolve the question of whether his state habeas claim remained "pending" for purposes of 28 U.S.C. § 2244(d) if this procedure had been available to Faulks.

For the foregoing reasons, we affirm the judgment of the district court.

_____

[2]Faulks contends that Hannon v. Weber, 638 N.W.2d 48 (S.D. 2001), demonstrates that a petition for rehearing under § 15-30-4 is available to a state habeas petitioner "as part of the regularly available procedure." Appellant's Brief at 13. In Hannon, however, the South Dakota Supreme Court denied Hannon's *motion for reconsideration* of the South Dakota Supreme Court's dismissal of his motion for a certificate of probable cause that was untimely filed. Hannon, 638 N.W.2d at 49. The South Dakota Supreme Court did not accept in Hannon, and it appears to have never accepted, a petition for rehearing under § 15-30-4 of a denial of a motion for a certificate of probable cause in a habeas matter. The South Dakota Supreme Court also did not indicate the length of time between its dismissal of Hannon's motion for a certificate of probable cause and Hannon's filing of his motion for reconsideration. In contrast to a petition for rehearing under § 15-30-4, a "motion for reconsideration" is characterized by South Dakota as "an invitation to the court to consider exercising its inherent power to vacate or modify its own judgment," People ex rel. S.M.D.N., 674 N.W.2d 516, 517 (S.D. 2004) (quotation and citation omitted), and does not have a filing deadline. We would assume that the South Dakota Supreme Court was aware of the difference between a motion for reconsideration and a petition for rehearing when it described the procedural history in Hannon.