#26769-dismissed-LSW

**2014 S.D. 12**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

SHANNON FLOWERS,                                    Petitioner and Appellant,

    v.

DOUGLAS WEBER, WARDEN
OF THE SOUTH DAKOTA
STATE PENITENTIARY,                                 Respondent and Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE THIRD JUDICIAL CIRCUIT
BEADLE COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE RONALD K. ROEHR
Judge

\* \* \* \*

PAUL HENRY
Sioux Falls, South Dakota                           Attorney for petitioner
                                                    and appellant.


MARTY J. JACKLEY
Attorney General

CRAIG M. EICHSTADT
Assistant Attorney General
Pierre, South Dakota                                Attorneys for respondent
                                                    and appellee.

\* \* \* \*

CONSIDERED ON BRIEFS
ON FEBRUARY 18, 2014

OPINION FILED **03/05/14**

#26769

WILBUR, Justice

[¶1.]	More than 30 days after the circuit court filed its denial of his application for habeas corpus relief, Shannon Flowers sought a certificate of probable cause pursuant to SDCL 21-27-18.1.  In spite of the untimeliness of his motion, the circuit court granted Flowers's motion and certified an issue for appeal.  Flowers timely filed his notice of appeal to this Court.  Because SDCL 21-27-18.1 is jurisdictional, we dismiss Flowers's appeal.

## FACTS AND PROCEDURAL BACKGROUND

[¶2.]	The circuit court filed the final order denying Flowers's application for writ of habeas corpus on May 7, 2013.  The Beadle County State's Attorney gave notice of entry of the circuit court's final order denying application for writ of habeas corpus on May 9, 2013.  On June 10, 2013, Flowers filed his motion for issuance of certificate of probable cause.  The circuit court granted the certificate of probable cause on June 28, 2013.  Flowers filed his notice of appeal on July 26, 2013.

## DECISION

[¶3.]	Because it is dispositive, we examine the State's argument that Flowers's motion for issuance of certificate of probable cause was jurisdictionally defective.  SDCL 21-27-18.1 provides in pertinent part:

> A final judgment or order entered under this chapter may not be reviewed by the Supreme Court of this state on appeal unless the circuit judge who renders the judgment or a justice of the Supreme Court issues a certificate of probable cause that an appealable issue exists.  *A motion seeking issuance of a certificate of probable cause shall be filed within thirty days from the date the final judgment or order is entered.*

(Emphasis added.) "The plain language of this statute indicates that the deadline to file the motion for certificate of probable cause to the circuit court is thirty days from the actual entry of the order, not the notice of entry." *Christensen v. Weber*, 2007 S.D. 102, ¶ 4, 740 N.W.2d 622, 623.* And we have "previously interpreted this statute as jurisdictional." *Id.* (citing *Hannon v. Weber*, 2001 S.D. 146, ¶ 4, 638 N.W.2d 48, 49).

[¶4.] The record reveals that the circuit court filed the final order denying Flowers's application for writ of habeas corpus on May 7, 2013. Flowers filed his motion for issuance of certificate of probable cause on June 10, 2013. Flowers's motion for certificate of probable cause was filed more than 30 days from the actual entry of the final order. SDCL 21-27-18.1 ("A motion seeking issuance of a certificate of probable cause shall be filed *within thirty days* from the date the final judgment or order is entered." (emphasis added)).

[¶5.] Flowers's motion was late, and therefore, defective. The untimely filing of Flowers's motion for certificate of probable cause deprived the circuit court of jurisdiction to grant that certificate. Because the circuit court lacked jurisdiction, this Court also lacks jurisdiction to consider the issue certified on appeal. Therefore, we dismiss Flowers's appeal for lack of jurisdiction.

---

\* "[T]here is no notice of entry requirement in SDCL 21-27-18.1 as there is in SDCL ch. 15-26A." *Christensen*, 2007 S.D. 102, ¶ 5, 740 N.W.2d at 623. *See Hannon v. Weber,* 2001 S.D. 146, ¶ 4, 638 N.W.2d 48, 49) (stating that "[t]here is no notice of entry or service requirement as with civil appeals filed under SDCL ch. 15-26A. Because there is no service requirement, the three-day mailing rule provided by SDCL 15-6-6(e), applicable to civil appeals under SDCL ch. 15-26A, does not apply here").

#26769

[¶6.]        GILBERTSON, Chief Justice, and KONENKAMP, ZINTER and

SEVERSON, Justices, concur.