288

603 P.2d 915

STATE of Arizona, Petitioner,

v.

SUPERIOR COURT OF the STATE OF ARIZONA, IN AND FOR the COUNTY OF PIMA, and the Honorable Robert O. Roylston, Judge of the Superior Court, Division III, Respondent,

and

Rosario GRANDINETTI and Shelly Hendrix, Real Parties in Interest.

No. 14526–PR.

Supreme Court of Arizona, En Banc.

Nov. 28, 1979.

Stephen D. Neely, Pima County Atty., by Jeffrey D. Ross, Deputy County Atty., Tucson, for petitioner.

Charles L. Weninger, Tucson, for real party in interest Grandinetti.

Thikoll, Johnston & Rosen, by Leon Thikoll, Tucson, for real party in interest Hendrix.

HAYS, Justice.

Real Party in Interest, Rosario Grandinetti, petitioned for review of a special action decision by the Court of Appeals which set aside an attempted modification of the original finding of guilt by the trial court. We have jurisdiction under A.R.S. § 12–120.24 and hereby vacate the opinion of the Court of Appeals (filed July 19, 1979).

On March 9, 1978, a Pima County grand jury indicted David Rivera, Shelly Hendrix and Rosario Grandinetti on charges of conspiracy to commit robbery, unlawful offer to sell narcotic drugs, armed robbery with a gun, and assault with a deadly weapon.

Pursuant to an agreement to dismiss certain charges, the state and defense counsel submitted the case on stipulated evidence consisting of the grand jury transcript, discovery materials and a deposition.

On November 21, the trial court found Hendrix guilty of armed robbery with a gun, and Rivera and Grandinetti guilty of conspiracy to commit robbery and guilty of armed robbery with a gun. On December 4 the court entered judgment and pronounced sentence upon Rivera. He was sentenced to Arizona State Prison for not less than five nor more than six years on each count.

On March 28, 1979, after reading presentence reports, the court, on its own motion, set aside the finding of guilty as charged on November 21, 1978, with respect to Hendrix and Grandinetti. The court admittedly took this action in order to avoid imposition of the mandatory sentence required upon conviction of armed robbery with a gun.

The court then proceeded to find Grandinetti guilty of conspiracy and Grandinetti and Hendrix guilty of armed robbery without a gun. Both were placed on probation for five years.

The issue before us is: did the trial court have the power, *sua sponte*, to set aside its original finding of guilty as charged and thereby circumvent a mandatory sentence imposed by statute?

Under Rule 24.1, Rules of Criminal Procedure, the court may grant a new trial after

a verdict of guilty only upon the grounds specified therein.

There was no motion for a new trial. Counsel for Grandinetti moved to modify the judgment (although technically judgment had not been entered) three months after the court's original finding of guilty as charged. Thus, the motion was far too late under the ten-day limit of Rule 24.1(b). Moreover, in view of acting *sua sponte*, the court considered counsel's motion moot.

The trial court cited no acceptable basis under Rule 24.1(c) for setting aside its original finding of guilty as charged. On the contrary, the judge stated:

The Court, after receipt of the Pre-Sentence Reports, realized that the conviction of the charge stated in the original Indictment on Count III would not permit the consideration of probation and required a mandatory sentence and the Court, on its own Motion, reconsiders the charges in the matter . . . .

In *State v. Falkner*, 112 Ariz. 372, 374, 542 P.2d 404, 406 (1975), we addressed the problem of the trial court's scope of jurisdiction in post-trial motions:

Does the court have inherent power to modify a sentence? The answer is in the negative. There is no such power in the superior court. . . . Therefore, the trial court's jurisdiction in post-trial motions is limited to that set out in the Rules, and an exercise of that jurisdiction is permissible only upon the grounds specified therein.

Although the passage cited deals with modification of a sentence under Rule 24.3, the rationale is equally applicable to this situation.

The legislature has seen fit to impose a harsher penalty for armed robbery with a gun. In essence, the trial court avoided a mandatory sentence by modifying the original finding of guilty as charged. The result is tantamount to judicial circumvention of a legislative enactment. We find no authority for such action under any rule governing post-trial procedure.

Accordingly, we remand to the trial court for proceedings consistent with this opinion.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concurring.