606 P.2d 411

**STATE of Arizona ex rel. Charles F. HYDER, Maricopa County Attorney, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MARICOPA, the Honorable Warren L. McCarthy, Judge, Respondents,**

**and**

**John Calles MOYA, Jr., Real Party in Interest.**

**No. 14579.**

Supreme Court of Arizona, En Banc.

Jan. 16, 1980.

Rehearing Denied Feb. 20, 1980.

Charles F. Hyder, Maricopa County Atty. by Mark D. Deutsch, Deputy County Atty., Phoenix, for petitioner.

Ross P. Lee, Maricopa County Public Defender by Anne Kappes, Deputy Public Defender, Phoenix, for real party in interest.

HAYS, Justice.

John Calles Moya, real party in interest, was convicted by a jury of first-degree murder. Eighty days after the jury verdict, the trial court, assuming inherent power to modify the verdict, entered a judgment of acquittal on the charge of first-degree murder, and a judgment of guilty of second-degree murder.

Petitioner, State of Arizona, brought this special action, urging that respondent exceeded his authority. We accepted jurisdiction under Rule 4, Rules of Procedure for Special Actions.

We have a single issue to resolve: May the court, on its own motion, enter a judgment of acquittal after the verdict?

On three occasions—at the close of the state's evidence, at the close of all the evidence, and immediately after the verdict—real party in interest moved for a judgment of acquittal. The court denied all three motions.

One week after the verdict, counsel for Moya moved for a new trial under Rule 24, Rules of Criminal Procedure. The court twice heard arguments on this motion, took it under advisement, and ultimately denied it.

Rule 20, Rules of Criminal Procedure, governs disposition of motions for acquittal. The pertinent portions of the rule follow:

a. *Before Verdict.* On motion of a defendant or on its own [motion], the court shall enter a judgment of acquittal . . . after the evidence on either side is closed, if there is no substantial evidence to warrant a conviction.

b. *After Verdict.* A motion for judgment of acquittal made before verdict may be renewed by a defendant with-

in 10 days after the verdict was returned.

Careful reading of this rule makes it plain that the court may render a judgment of acquittal, *sua sponte,* only *before* the case is submitted to the jury. Section B allows the defendant to renew a previously made motion after the verdict if the renewal is timely.

There is no authority for the court, on its own motion, to enter a judgment of acquittal after a jury verdict. As we most recently pointed out in *State of Arizona v. Superior Court, County of Pima*, 124 Ariz. 288, 603 P.2d 915 (1979), the court's authority in post-verdict proceedings is strictly limited by the Rules of Criminal Procedure.

The judgments of September 24, 1979, are hereby vacated and this case is remanded for proceedings consistent with this opinion.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and CAMERON and GORDON, JJ., concur.