**No. 79SA191**

**The People of the State of Colorado v. Thomas Darland**

(613 P.2d 1310)

Decided July 28, 1980.

Robert N. Miller, District Attorney, Elizabeth Strobel, Deputy, for plaintiff-appellant.

Robert C. Burroughs, for defendant-appellee.

*En Banc.*

JUSTICE LEE delivered the opinion of the Court.

The People bring this appeal, pursuant to section 16-12-102, C.R.S. 1973 (1978 Repl. Vol. 8) and C.A.R. 4(b), from an order of the Weld County District Court granting its *sua sponte* motion for judgment of acquittal. We reverse and remand.

Defendant-appellee, Thomas Darland, was charged with two counts of violation of section 18-3-405, C.R.S. 1973 (1978 Repl. Vol. 8), sexual assault on a child. The district court granted defendant's motion for judgment of acquittal on the second count at the conclusion of the prosecution's case. Defendant did not, however, move for judgment of acquittal on count one, either at that time or at the conclusion of the defendant's case.

Count one was submitted to the jury. After the jury reported that it was unable to reach a verdict, the court, on February 26, 1979, discharged it and continued the case until March 12, 1979, "for trial resetting or disposition."

On March 12, the People requested that the case be set for trial; there was no objection by the defense to that motion. The court, however, instructed the parties to prepare to argue the question of whether the court should, on its own motion, enter a judgment of acquittal. Argument was set for March 21, 1979.

At the hearing on March 21, the court heard testimony from the foreman of the jury as to the reasons the jury was unable to reach a verdict. After noting that the evidence in a retrial would be presented by the same witnesses in the same manner and would consist of the same facts, the court ruled:

"I can't assess the probability of conviction or acquittal upon retrial, but I think I may, given the manner in which the jury was divided at the time of deadlock, seven guilty and five not guilty, that on the assumption that they were all reasonable men and on the assumption that their opinions were expressed and held in good faith that the probability upon retrial is another mistrial by way of deadlock.

"I consider also the fact that these witnesses and their mothers must be subpoenaed from the State of Texas, were originally subpoenaed and the

additional expense in this case, taking into consideration the expense of a retrial and the probability in the return of a verdict one way or the other upon retrial being slim. I'm going to find that it is in the interest of justice in this case to enter a judgment of acquittal and discharge the Defendant in this cause."

The People raise two issues on appeal: first, whether pursuant to Crim. P. 29 the district court had jurisdiction to enter a valid judgment of acquittal under the circumstances of this case; and, if it did have jurisdiction, whether judgment of acquittal was justified on the facts of this case. We need only reach the first issue.

Crim. P. 29(a) provides:

". . . The court on motion of a defendant or of its own motion shall order the entry of a judgment of acquittal . . . if the evidence is insufficient to sustain a conviction of such offense or offenses. . . ."

■ The People, however, rely on Crim. P. 29(c), which provides:

"If the jury returns a verdict of guilty or is discharged without having returned a verdict, a motion for judgment of acquittal may be made or renewed within ten days after the jury is discharged *or within such further time as the court may fix during the ten-day period*. If a verdict of guilty is returned, the court may on such motion set aside the verdict and enter judgment of acquittal. If no verdict is returned, the court may enter judgment of acquittal. It shall not be necessary to the making of such a motion that such a similar motion has been made prior to the submission of the case to the jury." (Emphasis added.)

The People contend that the court was without jurisdiction to enter a judgment of acquittal since the action was not taken within the ten-day period or within the further time period fixed by the court. For the reasons set forth below, we agree.

On the day the jury was discharged, the court continued the action fourteen days until March 12, 1979, "for trial resetting or disposition." The defendant did not file a motion for judgment of acquittal on or before March 12, 1979, nor did the court of its own motion order the entry of a judgment of acquittal. Instead, the court again continued the case, until March 21, 1979, at which time the parties were to present arguments as to whether the court should enter a judgment of acquittal.

■ We hold that the court could not *sua sponte* order a judgment of acquittal after the date it had "fixed" pursuant to Crim P. 29(c). Any extension of time after March 12, 1979, was a nullity for purposes of entertaining a motion for judgment of acquittal. *United States v. Haskell,* 217 F. Supp. 534 (D. Conn. 1963), *aff'd* 327 F.2d 281 (2d Cir. 1964), *cert. denied* 377 U.S. 945, 84 S.Ct. 1351, 12 L.Ed.2d 307 (1964); *Mills*

*v. United States*, 281 F.2d 736 (4th Cir. 1960).[1] Since the court was without jurisdiction to enter a judgment of acquittal, the judgment is void.

The judgment is reversed and the cause is remanded for further proceedings.

---

[1] The courts have recognized that such a requirement is jurisdictional and is binding on both the defendant and the court. "We think that expiration of time within which relief can openly be asked of the judge, terminates the time within which it can properly be granted on the court's own initiative." *United States v. Smith*, 331 U.S. 469, 67 S.Ct. 1330, 91 L.Ed.1610 (1947).