STATE of South Dakota, Applicant,

v.

Robert L. TSCHETTER, Presiding Judge, Eighth Judicial Circuit, Respondent.

No. 14227.

Supreme Court of South Dakota.

Submitted on Briefs June 27, 1983.

Decided Aug. 24, 1983.

Douglas E. Kludt, Asst. Atty. Gen., Pierre, for applicant; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Ronald R. Johnson, of Johnson & Kelley, Lemmon, for respondent.

FOSHEIM, Chief Justice.

A jury convicted respondent Billy G. Olson of aggravated assault on February 11, 1982. Several days later Olson's attorney moved the trial court to enter a judgment of acquittal on that conviction and enter, in lieu thereof, a conviction of simple assault. The trial court granted the motion and the State appealed. In *State v. Olson,* 334 N.W.2d 49 (S.D.1983), we concluded that we did not have jurisdiction to review the order and consequently dismissed the appeal. Thereupon the State applied to this court for a writ of certiorari, alleging pursuant to SDCL 21–31–1 that the order of the circuit court exceeded its jurisdiction and that there was no other plain, speedy, and adequate remedy. Since we had dismissed the direct appeal on the matter, we agreed and issued the writ.

█ Our scope of review in a matter submitted on certiorari is confined to questions touching the jurisdiction of the entity subject to certiorari and cannot be extended further than to determine whether such entity has regularly pursued its authority. SDCL 21–31–8; *Save Centennial Valley Assn. v. Schultz,* 284 N.W.2d 452 (S.D.1979). We conclude the trial court did exceed its authority by entering, in lieu of the acquittal, a conviction of simple assault.

█ The trial court may, upon timely motion, set aside a guilty verdict and enter judgment of acquittal. SDCL 23A–23–3. A judgment of acquittal operates to absolve the defendant of the crime charged. The acquittal must stand.

█ The trial court found authority in SDCL 23A–29–1 to enter a conviction of simple assault. It provides in pertinent part:

> *If the original trial was by a court without a jury,* the court, within one year after judgment has been entered, on motion of a defendant or upon its own motion for a new trial, may vacate the judgment if entered, take additional testimony and direct the entry of a new judgment. (emphasis added)

That statute allows a court to enter a new judgment in place of another when the original trial was by the court without a jury. It does not grant the court, in a jury trial, power to enter a judgment for an offense other than that upon which the verdict is based. Accordingly, SDCL 23A–29–1 did not authorize the trial judge to impose a conviction of simple assault.

The conviction of simple assault is vacated.

WOLLMAN, DUNN and MORGAN, JJ., concur.

HENDERSON, J., concurs specially.

HENDERSON, Justice (specially concurring).

I specially concur for exactly the same reasons I set forth in my special concurrence in *State v. Olson,* 334 N.W.2d 49, 50 (S.D.1983) (Henderson, J., specially concurring), wherein I stated: "A trial court cannot deprive an accused of a jury trial and substitute itself as a finder of fact. *See United States v. Martin Linen Supply Co.,* 430 U.S. 564, 572–73, 97 S.Ct. 1349, 1355, 51 L.Ed.2d 642, 652 (1977)."