STATE of North Dakota, Plaintiff
and Appellant,

v.

Roxy Ann MEYER, Defendant
and Appellee.

Cr. No. 920134.

Supreme Court of North Dakota.

Dec. 14, 1992.

Stephen R. Dawson (argued), Asst. State's Atty., Fargo, for plaintiff and appellant.

Cash H. Aaland (argued), Fargo, for defendant and appellee.

JOHNSON, Justice.

The State appeals from an order for dismissal issued by the County Court of Cass County on April 2, 1992, which dismissed driving under the influence charges against Roxy Ann Meyer. We dismiss the State's appeal for lack of jurisdiction.

Roxy Meyer was arrested in Fargo on November 28, 1991, for driving under the influence of alcohol in violation of N.D.C.C. § 39–08–01. She received an Intoxilyzer breath test which registered a .10% alcohol concentration. The State amended the charges against Meyer on March 11, 1991, charging Meyer only with violating the per se portion of the statute. N.D.C.C. § 39–

08–01(1)(a)[1]. The State made a motion in limine seeking a ruling on the admissibility of the Intoxilyzer breath test record and checklist in the context of Rule 403 of the North Dakota Rules of Evidence. The State's concern rested on the fact that the Intoxilyzer test record and checklist referred to the defendant's "AC" or "alcohol concentration," while the statute which criminalizes driving under the influence, refers only to "blood alcohol concentration."[2] The trial court deferred ruling on the motion and Meyer's trial by jury ensued on April 2, 1992. When the State offered the Intoxilyzer test record into evidence, Meyer objected on the basis the document did not reflect a measurement of blood-alcohol. Meyer argued that expert testimony was needed to verify that alcohol concentration measured by the Intoxilyzer corresponds to blood-alcohol concentration as required in N.D.C.C. § 39–08–01, since the Intoxilyzer test record, on its face, reported only alcohol concentration measured by breath. The court sustained the objection, noting that the legislature apparently failed to amend chapter 39–08 when chapter 39–20 was amended to make the terms consistent. The State declined to produce expert testimony and rested. The court then granted Meyer's motion for a "judgment of acquittal." An "order for dismissal" was issued by the court on April 2, 1992. The State appeals from the order for dismissal arguing that: (1) the State may properly appeal this matter since the trial court's ruling had the effect of quashing an indictment or information; and, (2) the Intoxilyzer test record and checklist is admissible and must be received into evidence under N.D.C.C. § 39–20–07(5), for the purpose of showing blood-alcohol content as referred to by N.D.C.C. § 39–08–01. We need not address the State's second argument because we find the order for dismissal is not appealable.

An appeal may be taken by the state from:

1. An order quashing an information or indictment or any count thereof.
2. An order granting a new trial.
3. An order arresting judgment.
4. An order made after judgment affecting any substantial right of the state.
5. An order granting the return of property or suppressing evidence, or suppressing a confession or admission, when accompanied by a statement of the prosecuting attorney asserting that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding. The statement must be filed with the clerk of district court and a copy must accompany the notice of appeal. [N.D.C.C. § 29–28–07.]

The State, citing *State v. Hogie*, 424 N.W.2d 630 (N.D.1988), contends the trial court's order for dismissal is an order quashing an information or indictment appealable under § 29–28–07(1). In *Hogie*, we ruled that the trial court's judgment of

---

**1.** N.D.C.C. § 39–08–01(1)(a) states:
   1. Any person may not drive or be in actual physical control of any vehicle upon a highway or upon public or private areas to which the public has a right of access for vehicular use in this state if any of the following apply:
   a. That person has a *blood alcohol concentration* of at least ten one-hundredths of one percent by weight at the time of the performance of a chemical test within two hours after the driving.

**2.** The Intoxilyzer *test record and checklist is a* document containing 9 lines that is printed by the Intoxilyzer machine at the conclusion of a breath test. Prior to 1989, line 9 stated "reported BAC." After 1989, line 9 stated "reported AC." The change was made in response to amendments to N.D.C.C. Chapter 39–20 made in 1989. Under the amendments, various references to "blood alcohol concentration" were changed to "alcohol concentration." N.D.C.C. § 39–20–07(3), prior to 1989, provided that a person with a blood alcohol concentration of at least .10% within two hours of operating or controlling a car is under the influence of alcohol. The statute was amended by replacing "blood alcohol concentration" with "alcohol concentration" apparently to reflect that various mediums: blood, breath, saliva, and urine, may be chemically analyzed in a DUI prosecution. *N.D.C.C. § 39–08–01, however, refers only to* "blood alcohol concentration." Since the State may not appeal this matter, we decline to review the issue of whether "BAC" is the same as "AC" under the statutes. We suggest a legislative review of the issues raised by the 1989 amendments.

acquittal was, in effect, an order quashing an information. We based our ruling on the determination that there was no resolution or review of the factual elements of the charged offense. "By moving for a judgment of acquittal on the ground that automobile theft may be charged only as a class C felony, and not as a class B felony, Hogie sought 'termination of the proceedings against him on a basis unrelated to factual guilt or innocence.'" *Id.* 633, citing *United States v. Scott*, 437 U.S. 82, 99, 98 S.Ct. 2187, 2198, 57 L.Ed.2d 65, 79 (1978). The State argues the order of dismissal issued by the court is appealable because it is based upon a legal conclusion and not upon a factual element of the charged crime. We disagree.

■■■■ To determine what constitutes an acquittal, as distinguished from a dismissal, we "look at the substance of the judge's ruling, whatever its label, and determine whether it actually represents a resolution of some or all of the factual elements of the offense charged." *See State v. Melin*, 428 N.W.2d 227, 229 (N.D.1988), citing *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977). In this case, the judgment of acquittal was based upon a lack of evidence as to a factual element of the crime of driving under the influence—proof that Meyer had a blood-alcohol concentration of .10% or more within two hours of operation or control of a vehicle. The judgment of acquittal was the result of an evidentiary ruling on the foundation needed to admit the breath test record and checklist into evidence. We do not review the propriety of the evidentiary ruling since an "[a]cquittal by the trial court for lack of evidence bars retrial, even when that acquittal is based on erroneous evidentiary rulings." *City of Dickinson v. Kraft*, 472 N.W.2d

441, 443 (N.D.1991). *See Sanabria v. United States*, 437 U.S. 54, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978). Because the court's order for dismissal was based upon factual elements, we conclude it is an acquittal which may not be appealed under § 29–28–07.[3] In addition, once acquitted, the accused cannot be retried on the same charge without violating the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution and of Article I, Section 12 of the North Dakota Constitution. *See United States v. Martin Linen Supply Co.; City of Dickinson v. Kraft, supra.*

■■■■ Meyer has moved for costs and attorneys fees. Rule 38, N.D.R.App.P. Costs and fees are appropriate where an appeal is flagrantly groundless, devoid of merit, or demonstrates bad faith. *See Williams v. State*, 405 N.W.2d 615 (N.D. 1987). We find no bad faith on the State's part and conclude the appeal, while arguably a weak case, had merit due to the issue of appealability and the State's evidentiary concerns. The appeal is dismissed and appellee's motion for fees and costs under Rule 38, N.D.R.App.P., is denied.

ERICKSTAD, C.J., and VANDE WALLE and MESCHKE, JJ., concur.

LEVINE, Justice, concurring and dissenting.

I concur in the dismissal of the appeal. However, I would grant Meyer's motion for costs and attorney's fees because this appeal is flagrantly groundless under Rule 38, NDRAppP.

The State acknowledged that it deliberately did not call the State Toxicologist, who was present and ready to testify, to provide the foundation for admitting the test record and checklist. Instead, the

---

**3.** We denied the State's motion to file a supplemental brief. The State sought to argue that *State v. Allesi*, 211 N.W.2d 773 (N.D.1973) demonstrates the present matter is appealable. In *Allesi*, the trial court dismissed a criminal charge on the basis the State failed to prove factual elements of the offense. This court ruled the dismissal was, in effect, an order to quash an information appealable under § 29–28–07(1). This analysis, however, was based on

the premise that the trial court committed error by failing to instruct the jury to acquit as required by N.D.C.C. § 29–21–37 (superseded by N.D.R.Crim.P., Rule 29). Since the trial court had no power to acquit the defendant, the issue of whether the dismissal was an acquittal or an order to quash was never addressed. Here, Rule 29 allows the court to enter a judgment of acquittal, therefore, the issue is raised.

State wanted to "test" the issue on appeal. But, as the majority opinion summarizes, this appeal is clearly prohibited by case law, statute and federal and state constitutional prohibitions against double jeopardy.

I would award the token amount of $500.00 for costs and attorney's fees, no affidavit or other proof having been presented. *See, e.g., United Bank of Bismarck v. Young,* 401 N.W.2d 517 (N.D. 1987), *cert. den'd* 484 U.S. 856, 108 S.Ct. 165, 98 L.Ed.2d 119 (1987).