2009 ND 98
**STATE of North Dakota, Plaintiff and Appellant**

v.

**Jennifer DEUTSCHER, Defendant and Appellee**

No. 20080207.

Supreme Court of North Dakota.

June 17, 2009.

Julie A. Lawyer (argued), Assistant State's Attorney, Bismarck, ND, for plaintiff and appellant.

Kent M. Morrow (argued), Bismarck, ND, for defendant and appellee.

KAPSNER, Justice.

[¶ 1]   The State of North Dakota appeals a trial court order of dismissal, setting aside a jury verdict of guilty and entering a judgment of acquittal. We conclude the State was not authorized to appeal the order of dismissal; however, we consider the State's attempt at an appeal a petition for supervisory writ. We further hold the trial court did not have the authority, on its own motion, to set aside the guilty verdict. Therefore, we reverse and remand the case to the trial court to enter judgment based upon the jury's guilty verdict.

I

[¶ 2]   On April 24, 2007, Deutscher went to a check cashing business, Money Lenders, in Bismarck, North Dakota. Money Lenders cashed the check, and on May 1, 2007, the check was returned to Money Lenders as a counterfeit check. After several unsuccessful attempts to collect restitution, Money Lenders filed a report with law enforcement.

[¶ 3]   A criminal complaint and information were filed, and Deutscher was charged with theft of property, a class C felony. A jury trial was held on May 6, 2008. At the close of the State's evidence, Deutscher moved for an acquittal under N.D.R.Crim.P. 29, asserting the State did not present sufficient evidence to sustain a conviction. The trial court held it was satisfied there was sufficient evidence for the jury to consider the alleged offense; it denied Deutscher's motion.

[¶ 4]   Deutscher presented evidence. At the close of all of the evidence, she did not move for a judgment of acquittal. The jury returned a verdict of guilty. After the jury returned its verdict, Deutscher did not move for a judgment of acquittal. Sentencing was scheduled for June 16, 2008, and the trial court ordered the preparation of a presentence investigation. The hearing was continued. At the August 8, 2008 sentencing hearing, the trial court stated:

> Counsel, I have previously ordered a presentence investigation, and unbeknownst to you, counsel, I've also requested, and my court reporter has been gracious enough to prepare for me, a complete transcript of the testimony of each of the complaining witness and the defendant in this matter. My reason for requesting my court reporter to do so is my concern as to the sufficiency of the evidence in this matter.

Ms. Deutscher was charged by Criminal Information with the alleged offense of "knowingly obtaining the money or property of another by deception or by threat with intent to deprive the owner thereof; specifically, the defendant cashed a counterfeit cashier's check in the amount of $3,000 at Money Lenders."

I have reviewed the evidence, I listened to the evidence and now I have reviewed the written transcript, and I'm satisfied that there is insufficient evidence to sustain this verdict. Accordingly, on my own motion, under the provisions of Rule 29(c)(2) I'm herewith reversing the jury verdict and dismissing the charge against you, Ms. Deutscher.

In addition thereto, I've also reviewed the transcript for any basis for a motion for new trial under 33 of the North Dakota Rules of Criminal Procedure, and I find no basis for a new trial.

However, I'm not going to rule upon the same summarily, and I will grant both the State or—to the State, I should say, a 10–day window of opportunity for a motion for new trial, if they so desire. The State, of course, will have its right to appeal my order of dismissal. The same will be dismissed without prejudice.

[¶ 5] On August 18, 2008, the trial court entered an order of dismissal:

This Court having orally received all testimony and evidence at the time of trial and thereafter having the benefit of a transcript of the testimony of Wendy Grafsgaard and Defendant Jennifer Deutscher, does herewith find and determine that under Rule 29(c)(2), that the evidence presented at the time of trial is insufficient to sustain a guilty verdict.

IT IS THEREFORE THE ORDER OF THE COURT that the pending charge of one count of Theft of Property with respect to the Defendant Jennifer Deutscher is herewith set aside and a Judgment of Acquittal shall be entered.

. . . .

The evidence presented at the time of trial is undisputed that the Defendant received by mail a cashier's check payable to the Defendant, with the Defendant concerned whether or not said check was valid. The Defendant presented said check to the Money Lenders station to determine the validity of said instrument, and was thereafter informed that the cashier's check was valid. Said Money Lenders station expressly authorized and invited the Defendant to endorse said check for negotiation. The Defendant did so, receiving the cash equivalent thereof, and was later informed by Money Lenders station that the check had been returned as counterfeit. Further, that the cashier's check appeared valid from a physical inspection of the same absent any alteration of the same by the Defendant.

The State appeals the order of dismissal.

## II

[¶ 6] The State's only right of appeal is that expressly granted by statute. *State v. Hogie*, 424 N.W.2d 630, 631 (N.D. 1988) (citing *State v. Flohr*, 259 N.W.2d 293, 295 (N.D.1977)). In the notice of appeal, the State indicated its appeal is permitted according to N.D.C.C. § 29–28–07(1). Section 29–28–07(1), N.D.C.C., specifies the State may appeal from an order quashing an information or indictment or any count thereof. This Court has noted "quash" is defined as "to overthrow; to abate; to vacate; to annul; to make void." *State v. Howe*, 247 N.W.2d 647, 652 (N.D.1976) (citation omitted).

■ [¶ 7] The State has the burden of proving every element of a crime beyond a reasonable doubt. *City of Dickinson v. Kraft*, 472 N.W.2d 441, 443 (N.D. 1991) (citing *State v. Vogel*, 467 N.W.2d 86, 89 (N.D.1991)). If the State fails to do so, the defendant must be acquitted of the charge. *Id.* "There can be no appeal from a true judgment of acquittal." *Id.* (citing *Flohr*, 259 N.W.2d at 296).

■ [¶ 8] The question before this Court is whether the trial court order from which the State appealed is a judgment of acquittal, which would not be appealable, or an order quashing the information, which would be appealable. This question is not controlled by the form of the trial court's ruling. *State v. Jackson*, 2005 ND 137, ¶ 5, 701 N.W.2d 887 (citing *Flohr*, 259 N.W.2d at 295). "Rather, to determine what constitutes an acquittal, as distinguished from a dismissal quashing the information, we look at the substance of the judge's ruling to determine whether it actually represents a resolution of some or all of the factual elements of the offense charged." *Id.* (citing *State v. Meyer*, 494 N.W.2d 364, 366 (N.D.1992)). If the trial court's decision is based upon legal conclusions rather than a resolution of some or all of the factual elements of the events charged, the ruling amounts to a dismissal or a quashing of the information from which the State has a right to appeal. *Id.* (citing *City of Wahpeton v. Desjarlais*, 458 N.W.2d 330, 333 (N.D.1990)). The propriety of this appeal is contingent upon whether the trial court reached only legal conclusions or resolved factual elements. *Kraft*, 472 N.W.2d at 443.

[¶ 9] In *Flohr*, 259 N.W.2d at 294, the State charged Flohr with furnishing or delivering intoxicating beverages to a minor. A bench trial was held, and the trial court found there was reasonable doubt as to the guilt of Flohr. *Id.* at 294–95. The State appealed and argued the trial court abused its discretion by finding the State failed to prove Flohr's guilt beyond a reasonable doubt. *Id.* at 295. Flohr requested this Court to dismiss the appeal because the trial court's judgment was an acquittal; therefore, it could not be appealed by the State. *Id.* This Court held the judgment constituted an acquittal because it represented a resolution of some of the factual elements of the offense charged; therefore, it held the State did not have the right to appeal. *Id.* at 295–96.

[¶ 10] In *Kraft*, 472 N.W.2d at 441–42, the City of Dickinson charged Kraft with dispensing alcoholic beverages to a minor and permitting the minor to remain on a premises licensed to sell alcoholic beverages. A jury trial was held, and at the close of the City's evidence, Kraft moved for a judgment of acquittal, arguing the City failed to prove the elements of the crime. *Id.* at 442. The trial court entered a judgment of acquittal, and the City appealed. *Id.* In *Kraft*, this Court noted the trial court deemed the City's evidence insufficient to establish Kraft's factual guilt and held, a ruling, that as a matter of law, provides the State's evidence is insufficient to establish factual guilt is an acquittal under the Double Jeopardy Clause. *Id.* at 443 (citation omitted). This Court reviewed the trial court's order for judgment and noted the trial court assumed the truth of all information the City brought forward, and even so, held the information did not prove the elements of the crime. *Id.* at 444. This Court held the City was not permitted to appeal, and it dismissed the appeal. *Id.*

■ [¶ 11] In the present case, in the order of dismissal, the trial court noted the jury returned a verdict of guilty, then it held the evidence presented at trial was insufficient to sustain a guilty verdict. According to *Flohr*, 259 N.W.2d at 295–96

and *Kraft*, 472 N.W.2d at 444, the order of dismissal resolved the factual elements of the offense charged; therefore, the order of dismissal was a judgment of acquittal rather than an order quashing the information.

[¶ 12] In addition, this Court has held if a written order does not provide the relevant information to "determine whether it actually represents a resolution of some or all of the factual elements of the offense charged[,]" this Court may examine the trial court's oral statements. *Hogie*, 424 N.W.2d at 632 (citation omitted). At the sentencing hearing, the trial court indicated he was concerned with the sufficiency of the evidence and stated:

Ms. Deutscher was charged by Criminal Information with the alleged offense of "knowingly obtaining the money or property of another by deception or by threat with intent to deprive the owner thereof; specifically, the defendant cashed a counterfeit cashier's check in the amount of $3,000 at Money Lenders."

I have reviewed the evidence, I listened to the evidence and now I have reviewed the written transcript, and I'm satisfied that there is insufficient evidence to sustain this verdict.

The written order of dismissal and the trial court's oral statements at sentencing, together, prove the order of dismissal resolved factual elements of the offense charged. We hold the order of dismissal was a judgment of acquittal from which the State is not permitted to appeal.

### III

[¶ 13] Although the State's appeal is not authorized because it was not expressly granted by statute, we deem its attempt at an appeal a request for supervisory writ. *See Olsen v. Koppy*, 1999 ND 87, ¶ 16, 593 N.W.2d 762 (citing *Mitchell v. Sanborn*, 536 N.W.2d 678, 682–83 (N.D. 1995)). We elect to exercise our original jurisdiction and our authority to supervise the trial court. *K.L.B. v. S.B.*, 2003 ND 88, ¶ 7, 662 N.W.2d 277 (citing *Boedecker v. St. Alexius Hosp.*, 298 N.W.2d 372, 374 (N.D.1980)).

[¶ 14] At trial, at the close of the State's evidence, Deutscher moved for a judgment of acquittal. The trial court did not reserve decision on the motion under N.D.R.Crim.P. 29(b). Rather, the trial court denied the motion and indicated there was sufficient evidence to submit the case to the jury. Deutscher did not move for a judgment of acquittal after the jury returned its verdict.

[¶ 15] The question for this Court to address is whether the trial court erred as a matter of law by setting aside the jury's guilty verdict under N.D.R.Crim.P. 29(c), when Deutscher did not move for a judgment of acquittal after the jury returned a guilty verdict. Questions of law, including the interpretation and application of a statute, are fully reviewable on appeal. *In re Estate of Samuelson*, 2008 ND 190, ¶ 11, 757 N.W.2d 44 (citations omitted).

[¶ 16] Rule 29, N.D.R.Crim.P., titled Motion for a Judgment of Acquittal, provides in part:

*(a) Before Submission to the Jury.* After the prosecution closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. The court may on its own consider whether the evidence is insufficient to sustain a conviction. If the court denies a motion for a judgment of acquittal at the close of the prosecution's evidence, the defen-

dant may offer evidence without having reserved the right to do so.

*(b) Reserving Decision.* The court may reserve decision on the motion, proceed with the trial (where the motion is made before the close of all the evidence), submit the case to the jury, and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict. If the court reserves decision, it must decide the motion on the basis of the evidence at the time the ruling was reserved.

*(c) After Jury Verdict or Discharge.*

(1) *Time for a Motion.* A defendant may move for a judgment of acquittal, or renew such a motion, within ten days after a guilty verdict or after the court discharges the jury, whichever is later.

(2) *Ruling on the Motion.* If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal. If the jury has failed to return a verdict, the court may enter a judgment of acquittal.

(3) *No Prior Motion Required.* A defendant is not required to move for a judgment of acquittal before the court submits the case to the jury as a prerequisite for making such a motion after jury discharge.

[¶ 17] Deutscher contends N.D.R.Crim.P. 29(c) does not require a defendant to restate a N.D.R.Crim.P. 29(a) motion after the close of the jury verdict if she previously preserved the issue by moving for a judgment of acquittal before the case was submitted to the jury. In arguing N.D.R.Crim.P. 29(c) does not require a defendant to restate a N.D.R.Crim.P. 29(a) motion, Deutscher is ignoring N.D.R.Crim.P. 29(b). Rule 29(b), N.D.R.Crim.P., and Fed.R.Crim.P. 29(b), are identical. An argument similar to Deutscher's was presented in *Carlisle v.*

*United States,* 517 U.S. 416, 422, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996), and the United States Supreme Court held: "[P]etitioner's reading makes a farce of subdivision (b) of Rule 29, which provides that a court may reserve decision on the motion for judgment of acquittal and decide it after submission to the jury. There would be no need for this procedure if, even without reserving, the court had continuing power to grant judgment of acquittal on its own." We interpret N.D.R.Crim.P. 29 in the same manner. If a defendant was not required to renew her motion, N.D.R.Crim.P. 29(b), which allows a trial court to reserve its decision on a Rule 29(a) motion, would be moot. We hold that the defendant must timely move for a judgment of acquittal, or renew such a motion, after a guilty verdict or after the discharge of the jury, unless the court has reserved its decision on a prior motion under N.D.R.Crim.P. 29(b).

[¶ 18] The State argues the trial court erred by entering a judgment of acquittal under N.D.R.Crim.P. 29(c) upon its own motion. The State notes N.D.R.Crim.P. 29(a) specifically allows for a trial court to consider whether the evidence is insufficient to sustain a conviction on its own, without a motion from the defendant, before the case is submitted to the jury. The State asserts because similar language is not included in N.D.R.Crim.P. 29(c), under Rule 29(c), the trial court may only set aside a guilty verdict upon a defendant's motion. Other states have addressed this issue and similar issues.

[¶ 19] Arizona has a rule titled "Judgment of Acquittal," which is comparable to N.D.R.Crim.P. 29, and it states:

*a. Before Verdict.* On motion of a defendant or on its own initiative, the court shall enter a judgment of acquittal . . . after the evidence on either side is

closed, ... if there is no substantial evidence to warrant the allegation.

b. *After Verdict.* A motion for judgment of acquittal made before verdict may be renewed by a defendant within 10 days after the verdict was returned.

17 A.R.S. Rules Crim. Proc., Rule 20. In *State ex rel. Hyder v. Superior Court in and for Maricopa County,* 124 Ariz. 560, 606 P.2d 411, 412 (1980), the issue before the Supreme Court of Arizona was: "May the [trial] court, on its own motion, enter a judgment of acquittal after the verdict?" The Supreme Court of Arizona held:

Careful reading of this rule makes it plain that the court may render a judgment of acquittal, Sua sponte, only Before the case is submitted to the jury. Section B allows the defendant to renew a previously made motion after the verdict if the renewal is timely. There is no authority for the [trial] court, on its own motion, to enter a judgment of acquittal after a jury verdict.

*Id.*

[¶ 20] Colorado has a similar rule, Rule 29, Colo. R.Crim. P., titled Motion for Acquittal, which provides in part:

(a) *Motion for Judgment of Acquittal.* ... The court on motion of a defendant or of its own motion shall order the entry of a judgment of acquittal ... after the evidence on either side is closed, if the evidence is insufficient to sustain a conviction of such offense or offenses. If a defendant's motion for judgment of acquittal at the close of the evidence offered by the prosecution is not granted, the defendant may offer evidence without having reserved the right. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the People's case.

(b) *Reservation of Decision on Motion.* If a motion for a judgment of acquittal is made at the close of all the evidence, the court may reserve decision on the motion, submit the case to the jury, and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict.

(c) *Motion After Verdict or Discharge of Jury.* If the jury returns a verdict of guilty or is discharged without having returned a verdict, a motion for judgment of acquittal may be made or renewed within ten days after the jury is discharged or within such further time as the court may fix during the ten-day period. If a verdict of guilty is returned, the court may on such motion set aside the verdict and enter judgment of acquittal. If no verdict is returned, the court may enter judgment of acquittal. It shall not be necessary to the making of such a motion that such a similar motion has been made prior to the submission of the case to the jury.

[¶ 21] In *People v. Darland,* 200 Colo. 276, 613 P.2d 1310, 1310 (1980), Darland did not move for a judgment of acquittal on count one at the conclusion of the People's case or at the conclusion of his own case. The jury was unable to reach a verdict on count one, and the trial court discharged the jury and continued the case for 14 days, until March 12, 1979, "for trial resetting or disposition." *Id.* On March 12, 1979, the People requested the case be set for trial, but the trial court instead asked the parties to prepare to address the question of "whether the trial court should, on its own motion, enter a judgment of acquittal." *Id.* at 1310–11. Argument was set for March 21, 1979, and at the hearing, the trial court held: "I'm going to find that it is in the interest of justice in this case to enter a judgment of acquittal and discharge the Defendant in this cause." *Id.* at 1311.

[¶ 22] The People appealed and raised the issue of whether under Colo. R.Crim. P. 29, the trial court had jurisdiction to enter a judgment of acquittal. *Id.* The People argued the trial court "was without jurisdiction to enter a judgment of acquittal since the action was not taken within the ten-day period or within the further time period fixed by the court." *Id.* The Supreme Court of Colorado held:

> the [trial] court could not sua sponte order a judgment of acquittal after the date it had "fixed" pursuant to Crim.P. 29(c). Any extension of time after March 12, 1979, was a nullity for purposes of entertaining a motion for judgment of acquittal. Since the [trial] court was without jurisdiction to enter a judgment of acquittal, the judgment is void.

*Id.* at 1311–12 (citations omitted).

[¶ 23] The State of Hawaii also has a similar rule. Rule 29, HRPP, provides:

> *(a) Motion Before Submission to Jury.* ... The court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses alleged in the charge after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses. If a defendant's motion for judgment of acquittal at the close of the evidence offered by the prosecution is not granted, the defendant may offer evidence without having reserved the right.
>
> *(b) Reservation of Decision on Motion.* If a motion for judgment of acquittal is made at the close of the evidence offered by the prosecution, the court shall not reserve decision thereon. If such motion is made after all parties have rested, the court may reserve decision on the motion, submit the case to the jury and decide the motion either before the jury returns a verdict or after it returns

a verdict of guilty or is discharged without having returned a verdict.

> *(c) Motion After Discharge of Jury.* If the jury returns a verdict of guilty or is discharged without having returned a verdict, a motion for judgment of acquittal may be made or renewed within 10 days after the jury is discharged or within such further time as the court may fix during the 10–day period. If a verdict of guilty is returned the court may on such motion set aside the verdict and enter judgment of acquittal. If no verdict is returned the court may enter judgment of acquittal. It shall not be necessary to the making of such a motion that a similar motion has been made prior to the submission of the case to the jury.

[¶ 24] In *State v. Reed*, 77 Hawai'i 72, 881 P.2d 1218, 1229 (1994), *overruled on other grounds by State v. Balanza*, 93 Hawai'i 279, 1 P.3d 281 (2000), Reed filed a motion for judgment of acquittal more than two months after a jury found him guilty. The trial court heard and denied the motion. *Id.* The Supreme Court of Hawaii deemed the motion untimely according to HRPP 29(c). *Id.* The Supreme Court of Hawaii held the trial court "was without authority to waive the time requirement[ ] set forth in HRPP 29(c) ... and therefore, was without jurisdiction to entertain Reed's motion[ ] for ... judgment of acquittal." *Id.* From this, the Supreme Court of Hawaii deemed the trial court's ruling denying Reed's motion null and void. *Id.*

[¶ 25] Ohio's comparable rule, Crim. R. 29(c), titled "Motion after verdict or discharge of jury," states:

> If a jury returns a verdict of guilty or is discharged without having returned a verdict, a motion for judgment of acquittal may be made or renewed within fourteen days after the jury is discharged or

within such further time as the court may fix during the fourteen day period. If a verdict of guilty is returned, the court may on such motion set aside the verdict and enter judgment of acquittal. If no verdict is returned, the court may enter judgment of acquittal. It shall not be a prerequisite to the making of such motion that a similar motion has been made prior to the submission of the case to the jury.

In *State v. Mendise,* No. 51530, 1987 WL 5457, at *1 (Ohio Ct.App. Jan. 15, 1987) (unreported decision), a bench trial was held, and the trial court found the defendant guilty of unlawful possession of a dangerous ordnance. Four months later, the trial court, sua sponte, reversed its decision and found the defendant not guilty. *Id.* The State appealed and asserted the trial court erred by reversing its own verdict of guilty because it violated Crim. R. 29(c). *Id.* at *2. First, the Court of Appeals of Ohio noted since a judge's finding in a case in which a jury is waived is similar to a jury verdict, Crim. R. 29(c) was applicable. *Id.* Then, the court held: "The rule expressly requires *a party* to move for a judgment of acquittal and also requires such motion to 'be made or renewed within fourteen days after the jury is discharged or within such further time as the court may fix during the fourteen-day period.'" *Id.* (citation omitted). The court determined since the defendant did not move for a judgment of acquittal according to Crim. R. 29(c), this rule could not be the basis of the trial court's power to change its finding from guilty to not guilty. *Id.*

[¶ 26] South Dakota's analogous rule, S.D.C.L. § 23A–23–3, titled "Motion made after discharge of jury—Setting aside guilty verdict—Prior motion not required," provides:

If a jury returns a verdict of guilty or is discharged without having returned a verdict, a motion for judgment of acquittal may be made or renewed within ten days after the jury is discharged or within such further time as the court may fix during the ten-day period. If a verdict of guilty is returned a court may on such motion set aside the verdict and enter judgment of acquittal. If no verdict is returned a court may enter judgment of acquittal. In order to make such a motion it is not necessary to have made a similar motion prior to the submission of the case to the jury.

In *State v. Tschetter,* 337 N.W.2d 829, 830 (S.D.1983), a jury convicted the respondent of aggravated assault. Several days later, his attorney moved for a judgment of acquittal and requested that a conviction of simple assault be entered. *Id.* The trial court granted the respondent's request, and the State appealed. *Id.* The Supreme Court of South Dakota determined the trial court exceeded its authority by entering, in lieu of an acquittal, a simple assault conviction. *Id.* The Supreme Court of South Dakota held: "The trial court may, *upon timely motion,* set aside a guilty verdict and enter judgment of acquittal." *Id.* (emphasis added). From this, it can be implied that in South Dakota a trial court cannot, on its own motion, set aside a guilty verdict after discharge of the jury.

[¶ 27] The United States Supreme Court has addressed a similar issue as applied to Fed.R.Crim.P. 29(c), N.D.R.Crim.P. 29(c)'s counterpart. *Carlisle,* 517 U.S. at 420, 116 S.Ct. 1460 . At the time the United States Supreme Court addressed this issue, Fed.R.Crim.P. 29(a) stated:

*Motion Before Submission to Jury. ...* The court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one or more

offenses charged in the indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses. If a defendant's motion for judgment of acquittal at the close of the evidence offered by the government is not granted, the defendant may offer evidence without having reserved the right.

Rule 29(c), Fed.R.Crim.P., stated:

*Motion After Discharge of Jury.* If the jury returns a verdict of guilty or is discharged without having returned a verdict, a motion for judgment of acquittal may be made or renewed within 7 days after the jury is discharged or within such further time as the court may fix during the 7-day period. If a verdict of guilty is returned the court may on such motion set aside the verdict and enter judgment of acquittal. If no verdict is returned the court may enter judgment of acquittal. It shall not be necessary to the making of such a motion that a similar motion has been made prior to the submission of the case to the jury.

Currently, Fed.R.Crim.P. 29(c) and N.D.R.Crim.P. 29(c) are identical, except the time requirement in the federal rule is seven days while the time requirement in North Dakota's rule is ten days.

[¶ 28] In *Carlisle,* 517 U.S. at 418, 116 S.Ct. 1460, Carlisle was tried before a jury for conspiracy to possess with intent to distribute marijuana. During trial, he did not move for a judgment of acquittal under Fed.R.Crim.P. 29(a). *Id.* The jury returned a verdict of guilty on July 13, 1993. *Id.* Carlisle filed a motion for judgment of acquittal under Fed.R.Crim.P. 29(c) on July 23, 1993, asserting the evidence presented was insufficient to sustain a guilty verdict. *Id.* The district court denied Carlisle's motion, but it did not address the timeliness of this motion, even though the seven-day time period ended on July 22, 1993. *Id.*

[¶ 29] At sentencing, the district court reversed its decision and entered an order withdrawing its previous order and granting "Carlisle's motion for a judgment of acquittal pursuant to Rule 29(c), filed July 23, 1993." *Id.* at 418–19. In a footnote to the order, the district court recognized Carlisle's motion was late, and held:

I can conceive of no prejudice to the United States which will result from consideration of a motion that is one day lat[e] in this case. Because I believe that refusal to hear this motion would result in grave injustice, and because [Rule 29(c)] permits the Court to extend the deadline, I will consider this motion as if it were filed in a timely manner.

*Id.* at 419, 116 S.Ct. 1460 (citation omitted) (alterations in original).

[¶ 30] The Sixth Circuit reversed the district court's judgment of acquittal and remanded the case for reinstatement of the jury verdict and sentencing. *Id.* The United States Supreme Court noted the Sixth Circuit held, "under Rule 29 a district court has no jurisdiction to grant an untimely motion for judgment of acquittal, and that a district court has no jurisdiction to enter a judgment of acquittal *sua sponte* after the case has been submitted to the jury." *Id.* (citation omitted). The United States Supreme Court granted certiorari. *Id.*

[¶ 31] Before the United States Supreme Court, one of Carlisle's arguments was that Fed.R.Crim.P. 29(a) "gives a district court authority to enter a judgment of acquittal *sua sponte* at any time before sentencing." *Id.* at 421. The United States Supreme Court noted Fed. R.Crim.P. 29(a) is titled "Motion Before Submission to Jury," and provides in part:

The court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses.

*Id.* (quoting Fed.R.Crim.P. 29(a)). In response to this contention, the United States Supreme Court held:

It would be quite a surprise to find a district court's *sua sponte* power to grant judgment of acquittal *after* submission of the case to the jury hidden away in a provision entitled "Motion *Before* Submission to Jury." We are not inclined to adopt an interpretation that creates such a surprise unless the intent that the text exceeds its caption is clear. Here, to the contrary, the structure of Rule 29 indicates that subdivision (a) is limited as its caption says. Petitioner's proposed reading would create an odd system in which defense counsel could move for judgment of acquittal for only seven days after the jury's discharge, but the court's power to enter such a judgment would linger.

*Id.* at 421–22, 116 S.Ct. 1460. The United States Supreme Court further noted:

The Government offers an alternative theory of a court's power to act *sua sponte* under Rule 29: Because Rule 29(a) refers to both a "motion of a defendant" and a court's "own motion," whereas Rule 29(c) refers only to "a motion" *simpliciter,* the latter must refer to motions both of defendants and of courts, permitting both such "motions" to be made within seven days after the jury's discharge. We do not find this reading plausible.

*Id.* at 423, 116 S.Ct. 1460. The United States Supreme Court added:

Perhaps even more inexplicable is what precisely would be achieved by the Government's reading, which (unlike petitioner's theories) would permit the court to act *sua sponte* only during the 7–day period specified by the Rule (or any extension thereof ordered by the court during the 7–day period, as Rule 29(c) allows). The sole beneficiary of the Government's textual contortions is the district judge who wants to set aside a verdict, but lacks the wit to invite a motion for that during the 7–day period, or (if defendant's counsel is unavailable) to extend the 7–day period, *sua sponte,* in order to invite such a motion later. It is our hope and belief that no such district judge exists.

*Id.* at 423 n. 3, 116 S.Ct. 1460. The United States Supreme Court concluded the trial court did not have the authority to grant Carlisle's motion for judgment of acquittal that was filed outside the time limit of Fed.R.Crim.P. 29(c), and it affirmed the judgment of the Sixth Circuit. *Id.* at 433, 116 S.Ct. 1460.

■ [¶ 32] The above noted cases support the State's position that a district court does not have the authority to enter a judgment of acquittal under N.D.R.Crim.P. 29(c) upon its own motion. In this case, the trial court's decision to enter a judgment of acquittal on its own motion after the jury returned a verdict of guilty, seemed to overlook the importance of the jury in our court system. We hold the trial court erred by reversing the jury verdict and dismissing the charge against Deutscher on its own motion, under N.D.R.Crim.P. 29(c)(2). Our conclusion that the trial court erred by reversing the jury's guilty verdict and dismissing the charge necessitates a discussion of how the Double Jeopardy Clause affects this outcome.

[¶ 33]   In *Interest of B.F.*, 2009 ND 53, ¶ 2, 764 N.W.2d 170, the State petitioned the juvenile court to have B.F. declared a delinquent, based on aggravated reckless driving and negligent homicide.   Trial was held before a judicial referee, and B.F. was found guilty of both charges.   *Id.*   B.F. challenged the judicial referee's finding that he committed negligent homicide and requested that the juvenile court judge review the judicial referee's finding.   *Id.* at ¶ 3. The juvenile court conducted a de novo review of the record according to N.D. Sup.Ct. Admin.   R.   13, § 11(b), and it determined B.F.'s actions did not rise to the level of negligent homicide.   *Id.* The State appealed.   *Id.*

[¶ 34]   On appeal to this Court, B.F. asserted the appeal should be dismissed because further proceedings against him would be barred by the Double Jeopardy Clause.   *Id.* at ¶ 4.   This Court noted: "When an appellate or trial court 'concludes that evidence is legally insufficient to support a guilty verdict, it concludes that the prosecution has failed to produce sufficient evidence to prove its case.   The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution bars retrial in such a case.'"   *Id.* at ¶ 6 (quoting *State v. Rogers*, 2007 ND 68, ¶ 11, 730 N.W.2d 859).   This Court summarized the State's argument that double jeopardy principles did not bar the State's appeal:

> The State argues the double jeopardy clause is not violated here, because if the State prevailed in this appeal, the referee's decision could simply be reinstated and there would be no need for a retrial. The State relies on *Sanabria v. United States*, 437 U.S. 54, 63, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978) (footnote omitted), in which the United States Supreme Court noted that "the primary purpose of the Double Jeopardy Clause was to prevent successive trials, and not Government

appeals *per se*," and stated that "where an indictment is dismissed *after* a guilty verdict is rendered, the Double Jeopardy Clause d[oes] not bar an appeal since the verdict could simply be reinstated without a new trial if the Government were successful."   The State also relies on several federal courts of appeals decisions holding the government is permitted to appeal from a federal district court's reversal of a judgment of conviction entered by a magistrate judge because the double jeopardy clause is not violated by an appeal that results in reinstatement of a guilty verdict.

*Id.* at ¶ 7 (citations omitted) (alteration in original).   This Court did not find the State's argument compelling and held: "The federal circuit court cases relied upon by the State are not persuasive because the procedure for a federal district court's review of a magistrate's decision differs substantially from the current procedure for a state district court's review of a judicial referee's decision in North Dakota."   *Id.* at ¶ 8.

[¶ 35]   Rather, this Court relied on N.D. Sup.Ct. Admin.   R. 13, § 11, titled "Procedure for Review," and provides:

> (a) A review of the findings and order may be ordered at any time by a district court judge and must be ordered if a party files a written request for a review within five days after service of the notice in Section 10(b).   The request for review must state the reasons for the review.   A party requesting review must give notice to all other parties.   Parties seeking to respond to a request for review must file their response within 10 days after service of notice of the request.
>
> (b) The review by a district court judge must be a de novo review of the record.   The district court may:

(1) adopt the referee's findings;

(2) remand to the referee for additional findings; or

(3) reject the referee's findings.

(c) If the district court judge rejects the referee's findings, the court shall issue its own findings of fact, with or without a hearing.

This Court noted N.D. Sup.Ct. Admin. R. 13, § 10(a) states, " '[t]he findings and order of the judicial referee have the effect of an order of the district court until superseded by a written order of a district court judge.' " *B.F.*, 2009 ND 53, ¶ 12, 764 N.W.2d 170 (quoting N.D. Sup.Ct. Admin. R. 13, § 10(a)). In North Dakota, a juvenile court judge who reviews the decision of a judicial referee "does not act in a true appellate capacity." *Id.* This Court provided other "courts have held that double jeopardy bars the prosecution from requesting a trial de novo in court following an acquittal by a magistrate or referee only if the statutory scheme operates as two separate proceedings." *Id.* at ¶ 14 (citations omitted).

[¶ 36] Next, this Court held:

North Dakota's system does not operate as two distinct proceedings. Although under N.D. Sup.Ct. Admin. R. 13, § 10(a), a judicial referee's findings and order can have the effect of a final order of the juvenile court, that occurs only if it is not superseded by a written order of the juvenile court judge, and under N.D. Sup.Ct. Admin. R. 13, § 11(a), the judge may review the referee's findings and order on its own motion and must conduct a review if timely requested by a party. Under N.D. Sup.Ct. Admin. R. 13, § 11, the juvenile court judge does not sit as an appellate court, but conducts a de novo review of the record and has the authority to adopt or reject the referee's findings and issue its own findings with or without a hearing. The

referee's findings and order do not become a final disposition unless they are left undisturbed by the juvenile court judge. When the juvenile court judge reviews the referee's findings and order, the findings and order survive only to the extent the judge chooses to adopt them. Upon review, the referee's findings and order constitute recommendations to the juvenile court judge. The juvenile court judge is given the ultimate authority to be the factfinder and adjudicator and to issue a final disposition. Once the juvenile court judge issues a final order, there remains no decision of the referee to reinstate if this Court were to reverse the juvenile court judge's decision. There is no question that the juvenile court judge's decision constitutes an acquittal because it clearly "represents a resolution of a factual element of the charged offense."

*Id.* at ¶¶ 15–16 (citation omitted). This Court concluded, "the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution bars the State from appealing the juvenile court judge's order acquitting B.F. and rejecting the judicial referee's determination of guilt." *Id.* at ¶ 16. Therefore, this Court dismissed the appeal.

[¶ 37] In *United States v. Martinez*, 122 F.3d 1161, 1163 (9th Cir.1997), the Ninth Circuit analyzed the Double Jeopardy Clause and its effect on Fed.R.Crim.P. 29(c). In *Martinez*, a jury convicted Martinez of distribution of methamphetamine and possession of methamphetamine with intent to distribute. *Id.* at 1162. The district court granted Martinez's motion for a judgment of acquittal, and the government appealed to the Ninth Circuit. *Id.* On appeal, Martinez asserted the Double Jeopardy Clause barred the government's appeal. *Id.* at 1163. The Ninth Circuit held:

Our precedent clearly establishes that the government may appeal from the granting of a motion for judgment of acquittal under Fed.R.Crim.P. 29(c) after a jury verdict of guilty because, should the government prevail on appeal, the verdict would be reinstated with no need for a further trial.

*Id.* (citation omitted).

[¶ 38] In *B.F.*, 2009 ND 53, ¶ 8, 764 N.W.2d 170, we deemed the federal circuit court cases unpersuasive because of the difference in procedures for a federal district court's review of a magistrate's decision and a North Dakota state district court's review of a judicial referee's decision. The case before this Court arises in the context of a district judge unilaterally negating the finding of a jury. In this context, *Martinez*, 122 F.3d at 1163, is persuasive because Fed.R.Crim.P. 29(c) and N.D.R.Crim.P. 29(c) are identical. United States Supreme Court precedent further supports this position.

[¶ 39] In *U.S. v. Wilson*, 420 U.S. 332, 333, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975), Wilson was tried for converting union funds to his own use. The jury returned a verdict of guilty, but the district court dismissed the indictment on a postverdict motion because the delay between the offense and the indictment prejudiced Wilson. *Id.* The Government appealed the dismissal to the Third Circuit, which held the Double Jeopardy Clause barred review of the district court's decision. *Id.* The United States Supreme Court granted certiorari to review the "applicability of the Double Jeopardy Clause to appeals from postverdict rulings by the trial court." *Id.*

[¶ 40] In discussing the Double Jeopardy Clause, the United States Supreme Court noted, "where there is no threat of either multiple punishment or successive prosecutions, the Double Jeopardy Clause is not offended." *Id.* at 344. "Since rever-sal on appeal would merely reinstate the jury's verdict, review of such an order does not offend the policy against multiple prosecution." *Id.* at 344–45. The United States Supreme Court held:

> [W]e continue to be of the view that the policies underlying the Double Jeopardy Clause militate against permitting the Government to appeal after a verdict of acquittal. Granting the Government such broad appeal rights would allow the prosecutor to seek to persuade a second trier of fact of the defendant's guilt after having failed with the first; it would permit him to re-examine the weaknesses in his first presentation in order to strengthen the second; and it would disserve the defendant's legitimate interest in the finality of a verdict of acquittal. These interests, however, do not apply in the case of a postverdict ruling of law by a trial judge. Correction of an error of law at that stage would not grant the prosecutor a new trial or subject the defendant to the harassment traditionally associated with multiple prosecutions. We therefore conclude that when a judge rules in favor of the defendant after a verdict of guilty has been entered by the trier of fact, the Government may appeal from that ruling without running afoul of the Double Jeopardy Clause.

*Id.* at 352–53 (footnote omitted).

■ [¶ 41] In the case before this Court, the trial court erred by reversing the jury's verdict of guilty and dismissing the charge against Deutscher, upon its own motion, under N.D.R.Crim.P. 29(c). Reversing and remanding this case to the trial court will not violate the Double Jeopardy Clause.

IV

[¶ 42] We considered the remaining issues and arguments and decided they are

unnecessary to this decision. We reverse and remand the case to the trial court to enter judgment based upon the jury's guilty verdict.

[¶ 43] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, MARY MUEHLEN MARING, and DALE V. SANDSTROM, JJ., concur.

CROTHERS, Justice, concurring in part and dissenting in part.

[¶ 44] I concur with that part of the Majority Opinion concluding the State cannot appeal from the order of dismissal. Majority Opinion at ¶ 12. I respectfully dissent from the decision to exercise this Court's supervisory jurisdiction and from the resulting remainder of the decision ruling on the merits of the State's attempted appeal.

[¶ 45] Section 29–28–07, N.D.C.C., specifies the orders from which the State may appeal. "In a criminal action, the State has only such right of appeal as is expressly conferred by statute." *State v. Flohr*, 259 N.W.2d 293, 295 (N.D.1977); Majority Opinion at ¶ 6. Without a proper appeal under the statute, this Court has no appellate jurisdiction to decide the matter. *State v. Gohl*, 477 N.W.2d 205, 207 (N.D. 1991) ("The right of appeal is governed solely by statute in this state. Without any statutory basis to hear an appeal, this Court must take notice of the lack of jurisdiction and dismiss the appeal.") (internal citation omitted). Therefore, absent exercise of this Court's original jurisdiction to supervise, the appeal must be dismissed.

[¶ 46] We have consistently held that "[i]ssuance of writs under our supervisory jurisdiction is entirely discretionary with this court, and will be done rarely and with caution. Such jurisdiction will only be invoked to rectify errors and prevent injustice when no adequate alternative remedies exist." *Polum v. North Dakota Dist.* *Court, Stark County, Southwest Judicial Dist.*, 450 N.W.2d 761, 762–763 (N.D.1990) (citations omitted).

[¶ 47] The State only argued that it brought a proper appeal. The State did not ask this Court to exercise supervisory jurisdiction in this case, even when given that opportunity during oral argument. We therefore have not had briefing or argument regarding why this is the rare case in which we should exercise this Court's original jurisdiction. Nor have we had briefing or argument regarding why this case presents an injustice or error requiring us to set aside caution and to extend our judicial hand where that hand could not otherwise reach.

[¶ 48] The lack of briefing, argument or even a request for supervision aside, this is not a case that cries out for our intervention. The issue for which the State sought review is isolated to this case, involves the misapplication of a procedural rule and is not likely to arise again. There is no overall insult to the criminal justice system. I therefore do not agree this is a proper case for the exercise of this Court's supervisory authority. I would dismiss the appeal and end our review with that act.

[¶ 49]   Daniel J. Crothers